### T. J. FRANCIS v. A. M. JOHNSON, Appellant.

**Independent contractor:** NEGLIGENCE. A painter employed for a lump sum to paint a house, without direction from the owner as to the manner in which the work is to be done, is an independent contractor for whose negligence resulting in injury to the property of others, the employer is not liable.

*Appeal from Dickinson District Court.*— HON. W. B. QUARTON, Judge.

SATURDAY, DECEMBER 17, 1904.

ACTION to recover the value of buildings and furniture destroyed by fire alleged to have been negligently started by an employé of the defendant.   There was a verdict for the plaintiff, and from judgment thereon the defendant appeals. —*Reversed.*

*Cory & Mettler,* for appellant.

*Chas. I. Reigard* and *Francis & Owen,* for appellee.

LADD, J.— On the 24th day of April, 1902, the plaintiff was owner of a lot at Hayward's Bay, a plat of ground so called, bordering Lake Okoboji, on which he had erected a house and barn.   The lot next to it belonged to the defendant, and on this there were like improvements, the houses being

but six or eight feet apart.   On that day R. S. Miller, with a helper, began the removal of the old paint from defendant's house by the use of a blow torch.   At about two o'clock in the afternoon the house took fire, and communicated to that of plaintiff and his barn, destroying both.   The evidence was such as to sustain the finding of the jury that the fire was the result of the negligent use of the blow torch.   Without reviewing the rulings of the court on the admissibility of evidence, it is enough to say that they were without error, save one, which was subsequently corrected.   Nor had the defendant cause to complain of the instruction.   The difficulty with the case is that the evidence was not such as to render the defendant liable as the employer of Miller.   The latter was shown conclusively to have been an independent contractor, for whose negligent acts Johnson was in no way responsible.   Miller testified, when called by plaintiff, that he had a conversation with defendant some time before the fire, in which the latter said he wished Miller would go out and paint the house, and that he promised to go as soon as he got time.   When called by the defendant, he testified further that in August, 1901, while painting a new cottage for Johnson, the latter called him over to the house which subsequently burned, and said:

How much will it cost to paint the old cottage ?   I stepped around the old cottage, took the height of it, and went back and said:  I will paint it for $30.   He said, All right, and that he would not have it painted this fall. I can hardly afford it after building the new one, but you can paint it in the spring.   Mr. Johnson did not know I was going out to paint it when I did.   I did not let him know.*   *   *   We talked over the color, and decided it should be as near the color of the new cottage as it could be.   I said I would have to scrape the old paint off on the north side, and underneath the porch and front steps, and on the side and ceiling of the front porch.   We went around and looked at it.   We never mentioned the paint burner.   I did not have any at the time.   We simply talked of scraping it off.   We had no talk as to the manner or

means or methods to be used in scraping it off.   I examined the old paint.   He said it would have to be scraped off, and I said it would have to be.   I did not tell him how I would scrape it off, or with what.   He did not ask me what I was going to use.   *   *   *   I told him I would do it for $30. I was to receive that amount.   He told me the color of it. He said lead and oil was to be used.   He said he would pay $30 for the job.

Miller hired his own assistant.   The testimony of John-son was substsantially the same, and was corroborated by that of his wife, of whom Miller procured the key.   There was no other evidence bearing on the subject, save that of two witnesses tending to show that Miller had said outside of court that "nothing was said between him and Johnson as to how he should be paid," and that Johnson knew how he was going to remove the paint.   But Miller was not a party to the action, and his contradictory statements could have been considered only for impeachment purposes.   The only substantive evidence on the subject was to the effect that Miller took the contract of removing the old paint, replacing it with other of lead and oil of the same color as the new cottage.   The means to be used were of his own choosing, and he was to receive a lump sum for the entire job.   We can discover nothing lacking which was essential to constitute him an independent contractor.   The means were entirely within his control.   The result was all Johnson required for the money to be paid.   " An independent contractor is one who, exercising an independent employment, contracts to do a piece of work according to his own methods, and without being subject to the control of his employer, except as to the result of his work." *Humpton v. Unterkircher,* 97 Iowa, 509; *Hughbanks v. Investment Co.,* 92 Iowa, 267; *Overhouser v. American Cereal Co.,* 118 Iowa, 417.   In view of the conclusion reached, it is unnecessary to pass on the motions submitted with the case.—*Reversed.*