In the Matter of the Claim of MAY D. LITTS against RISLEY LUMBER COMPANY et al., Appellants. · STATE INDUSTRIAL COMMISSION, · Respondent.

**Workmen's Compensation Law — employee — independent contractor not an employee within meaning of statute.**

1. The Workmen's Compensation Law (Cons. L. ch. 67) deals with employers and employees, and an independent contractor is not within its protection. The definition of an " employee " (§ 3, subd. 4) does not disturb the distinctions established in the common law

21

between a servant or employee and an independent contractor, and its rules are operative in the consideration of claims under this act.

2. Claimant's decedent agreed with the defendant company that he would paint certain smokestacks for a fixed sum. Decedent was to furnish the ropes, tackle, scaffolding and implements. The company was to supply the paint and pay wages of a man to help him. Decedent was killed in the prosecution of the work. *Held*, that decedent was an independent contractor and as such not within the intendment of the Compensation Law.

*Matter of Litts* v. *Risley Lumber Co.*, 184 App. Div. 919, reversed.

(Argued October 2, 1918; decided October 29, 1918.)

APPEAL from an order of the Appellate Division of the Supreme Court in the third judicial department, entered May 7, 1918, affirming an award of the state industrial commission made under the Workmen's Compensation Law.

The facts, so far as material, are stated in the opinion.

*E. C. Sherwood, William B. Davis* and *Amos H. Stephens* for appellants. Mr. Litts was not an employee of the Risley Lumber Company, but was an independent contractor. (*Kackell* v. *Serviss*, 180 App. Div. 54; *Powley* v. *Vivian & Co.*, 169 App. Div. 170; *Rheinwald* v. *Builders' Brick & Supply Co.*, 223 N. Y. 572; *Bargey* v. *Massaro Macaroni Co.*, 218 N. Y. 410; *Hexamer* v. *Webb*, 101 N. Y. 377; *Murray* v. *Dwight*, 161 N. Y. 301; *Hopkins* v. *Emp. Eng. Corp.*, 152 App. Div. 570; *Lawrence* v. *Shipman*, 39 Conn. 586; *Smith* v. *Simmons*, 103 Penn. St. 32; *Harrison* v. *Collins*, 86 Penn. St. 153.)

*Merton E. Lewis, Attorney-General* (*E. C. Aiken* of counsel), for respondent. The deceased workman was an employee on the piece work plan and not an independent contractor. (*Peake* v. *Lakin*, 221 N. Y. 496; *Claremont* v. *De Coss*, 220 N. Y. 671; *State ex rel. V. & R. L. Co.* v. *District Court*, 150 N. W. Rep. 211; *Clarke* v. *B. C. A. & D. Society*, 47 Ir. L. T. R. 113; *Taylor* v. *Burnham*,

3 B. W. C. C. 569; *Cargeme* v. *A. C. & M. Co.*, 22 W. L. Rep. 68; *McNally* v. *Fitzgerald*, 7 B. W. C. C. 966; *Lewis* v. *Stanbridge*, 6 B. W. C. C. 568; *Jones* v. *P. D. S. Brick Co.*, 6 B. W. C. C. 492; *Doharty* v. *Boyd*, 2 B. W. C. C. 257.)

COLLIN, J.    The state industrial commission decided that Burt Litts died from injuries received as an employee of the Risley Lumber Company while in the course of his employment, under conditions making the Workmen's Compensation Law (Cons. Laws, ch. 67), applicable. They, therefore, made an award of compensation to the claimants, which the Appellate Division affirmed by a decision not unanimous. The evidence, however, is not conflicting. We are to determine whether or not it tends to sustain the finding that Litts was when injured an employee of the company within the intendment of the act.

Three high smokestacks were a part of the industrial plant of the company at Rock Rift, New York. In the spring of 1917 Litts agreed with the company that he would paint the stacks for the sum of fifty dollars. Litts was to furnish the ropes, tackle, scaffolding and implements. The company was to supply the paint and pay the wages of a man to help Litts. On August 21, 1917, the company wrote to Litts, who had not then painted the stacks, as follows:

"WALTON, N. Y., *August* 21, 1917.
" Mr. BERT LITTS, Readburn, N. Y.:

" DEAR SIR.— When do you expect to be able to paint the stacks that we talked to you about this spring? This ought to be done before the ovens and the boilers are fired up.            Yours truly,
                    "H. C. McKENZIE, *Treas.*"

On or about the twenty-eighth day of August, 1917, Litts appeared at the plant of the company with the

articles furnished by him necessary for painting the stacks. He said to Bailey, the foreman of the company: "Bailey, I don't know who I can get. Can you furnish me a helper for a little while?" Bailey sent to him McGraw who was a day laborer employed by and on the payroll of the company. Litts said he would do. McGraw by means of a rope helped to pull Litts up aside the stacks and hold him when he wanted to stop. On the thirty-first day of August, Litts, because of the breaking of the rope, fell and was so injured that he died. On August thirtieth, Litts, being unable to work on the stack because of rain, told the foreman he was going home. The foreman gave him inside painting to do which was kept account of separately from that of painting the stacks.

The act contains this definition: "'Employee' means a person engaged in one of the occupations enumerated in section two or who is in the service of an employer whose principal business is that of carrying on or conducting a hazardous employment upon the premises or at the plant, or in the course of his employment away from the plant of his employer; and shall not include farm laborers or domestic servants." (Section 3, subdivision 4.) This definition is not inimical to and does not disturb the distinctions established in the common law between a servant or employee and an independent contractor. The rules which demarcated the relation of master and servant from that of employer and independent contractor are operative in the consideration of claims made under the act. From the definitions and language of the act it is manifest that it deals with employers and employees, and an independent contractor is not within its protection.

In the instant case Litts was an independent contractor. He agreed to do a specific piece of work for the company. In doing it he had absolute control of him-

self and his helper. He was independent as to when, within a reasonable time after the agreement was made between him and the company, and as to where he should commence the work. He was free to proceed in the execution of it entirely in accordance with his own ideas. He was not to any extent subject to the directions of the company in respect of the method, means or procedure in the accomplishment. He was not subject to a discharge by the company because he did the painting in one way rather than in another. Those facts, considered by themselves, would constitute him an independent contractor. In the relation of employer and employee the employer has control and direction not only of the work or performance and its result, but of its details .and method and may discharge the employee disobeying such control and direction. ( *Uppington* v. *City of New York,* 165 N. Y. 222, 232; *Hexamer* v. *Webb,* 101 N. Y. 377; *McColligan* v. *Penna. R. R. Co.,* 214 Penn. St. 229; *Linnehan* v. *Rollins,* 137 Mass. 123; *Bennett* v. *Truebody,* 66 Cal. 509; *Zeitlow* v. *Smock,* 117 N. E. Rep. 665 [Indiana Supreme Court, November, 1917]; *Holbrook* v. *Olympia Hotel Co.,* 200 Mich. 597; *Fidelity & Deposit Company* v. *Brush,* 168 Pac. Rep. 890 [California Supreme Court, November, 1917]; *Thompson* v. *Twiss,* 90 Conn. 444; *Messmer* v. *Bell & Coggeshall Co.,* 133 Ky. 19.) Moreover, the agreement to paint the three stacks for the specified sum of fifty dollars is indicative, though not conclusive, that Litts became an independent contractor.

The fact that during the progress of the work the company told Litts to do certain acts which were essential to the performance of the agreement, that is, to scrape off and paint well the rusty spots, is not inconsistent with his status or relation as an independent contractor. The relation permitted the company to exercise the degree of control essential to secure the fulfillment of

the contract and which did not deprive Litts of the right and opportunity to do the painting in the way he wished. ( *Uppington* v. *City of New York,* 165 N. Y. 222; *Boyd* v. *Chicago & N. W. Ry. Co.,* 217 Ill. 332; *Carleton* v. *Foundry & Machine Products Co.,* 165 N. W. Rep. 816 [Michigan Supreme Court, December, 1917].)

The fact that the company furnished the paint and the helper does not conflict with the evidence here that Litts was independent of and uncontrolled by the company in the mode and means of doing the work. Litts was free to apply the paint as he chose. The helper was subject to his orders alone. The power was his throughout the performance of the job to determine and direct the particular manner in which the paint and the appliances should be used and the acts of the helper. (*Perham* v. *American Roofing Company,* 193 Mich. 221; *Miller* v. *Minn. & N. W. Ry. Co.,* 76 Iowa, 655.)

The order should be reversed and the determination of the state industrial commission annulled, and claim dismissed, with costs against the state industrial commission in this court and in the Appellate Division.

HISCOCK, Ch. J., CHASE, CUDDEBACK, ° HOGAN, McLAUGHLIN and CRANE, JJ., concur.

Ordered reversed, etc.