Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of JOHN HINES, Respondent, for Compensation under the Workmen's Compensation Law, *v.* HENRY I. STETLER, INC., Employer, and THE FIDELITY AND CASUALTY COMPANY OF NEW YORK, Insurance Carrier, Appellants.

Third Department, May 4, 1921.

**Workmen's Compensation Law — common-law evidence required to establish relation of employer and employee — evidence not establishing that claimant was employee of defendant.**

Common-law evidence is required to establish the employment of the claimant by the alleged employer.

On all the evidence, *held*, that the claimant, a longshoreman, was not, at the time of the accident, an employee of the defendant, a corporation engaged in the business of storage for hire, weighing and cartage.

JOHN M. KELLOGG, P. J., and COCHRANE, J., dissent.

APPEAL by the defendants, Henry I. Stetler, Inc., and another, from an award of the State Industrial Commission,

entered in the office of said Commission on the 23d day of September, 1920.

*Nadal, Jones & Mowton [Edward P. Mowton* of counsel], for the appellants.

*Charles D. Newton, Attorney-General [E. C. Aiken, Deputy Attorney-General,* of counsel], for the respondents.

WOODWARD, J.:

The State Industrial Commission has found as conclusions of fact that on the 6th day of December, 1919, John Hines sustained injuries while employed as a loader by Henry I. Stetler, Inc., said employer being engaged in the business of storage for hire, weighing and cartage; that on the date mentioned the claimant was engaged in the regular course of his employment, and sustained an injury to the left fourth finger; that the claimant at the time he received said injuries was an employee of Henry I. Stetler, Inc., and was not an independent contractor; that the average weekly wage of the claimant was the sum of sixty dollars. Upon these findings an award of fifteen dollars per week for something over eight weeks has been made, and the employer and the insurance carrier appeal. The question to be decided is whether the claimant was an employee of the alleged employer at the time of the accident, and this court is committed to the proposition that common-law evidence is necessary to establish the fact of employment. (*Skeels* v. *Paul Smith's Hotel Co.,* 195 App. Div. 39, and authorities there cited.)

We do not find evidence in this case of any contractual relation between the claimant and the alleged employer. The claimant in making his claim for compensation gives the name of his employer as Joe Brosnan, whose office address is given as Greenpoint, Brooklyn, and whose occupation is that of a " Boss loader." The claimant testified that " we don't have any agreement for loading one truck; we load every truck for everyone." Asked, "And you work for everyone on the dock? " the claimant replied: " Yes; sure. * * * Nobody else can work that dock." The explanation given by the claimant is to the effect that the dock was in charge of a gang of union men; that whenever a truck came there these union men loaded it; that no one else is permitted to load freight, and that the truck-

men all understand that the rate for loading is three cents per hundredweight; that they have a spokesman who makes the agreements, who collects the payments made upon the basis of slips furnished at the time freight is loaded, and distributes the fund among the members of the gang *pro rata.* The alleged employer testified that his regular employees were not allowed to load their trucks; that this could not be done without a fight, and he testified to the same purport as the claimant. In other words, these longshoremen take a position along the avenues of commerce and demand a tribute of three cents per hundredweight for each truckload of goods, the regular employees of the trucking companies not being allowed to load the goods themselves. One of their number being injured he claims that he is an employee of the particular person or corporation whose truck was being loaded at the moment of an accident. This claimant, who says that " nobody else can work that dock," says that he earns as much as $100 to $110 per week, and " not less than $60," and the State Industrial Commission awards him fifteen dollars per week for an injury to his little finger upon the theory that he was an employee of the Henry I. Stetler, Inc., although there is not the slightest evidence that this corporation or any of its agents ever entered into any contract of employment with the claimant. When asked why he gave the name of Joe Brosnan as his employer in making his claim the claimant says: " He employs us and he is the spokesman and he pays us." The alleged employer testified that there was an organization known as the Transportation Trades Council; that they had certain men, head loaders, on all piers in the city; that these men were in charge of the docks as far as loading and unloading of the trucks upon the docks was concerned; that the head loaders then engage various men to work for them and they pay them on a certain basis; that Henry I. Stetler, Inc., made its arrangement with one Thomas Mullady; that the arrangement was made by an employee known as a runner, whose duties appear to be confined to checking up the load and directing the place of its delivery; that this runner does not make any agreement; he " gets his laborers from the head loader; " that the head loader tells him the price, though the rate is supposed to be fixed by the labor organization;

that he has no part in fixing the price to be paid; that the head loader controls the men in the doing of the work and pays them. Again, the claimant testifies that Henry I. Stetler, Inc., " didn't have any relation " with Brosnan, except that the corporation hired Brosnan, through its runner, to put on these loads, and that Stetler paid Brosnan three cents per hundred for doing the work. " When he gets the job he has to hire us five."

Under these undisputed facts the claimant was clearly not an employee of Henry I. Stetler, Inc.; Joe Brosnan, or the labor organization which he represented, took the job, or rather prevented any one else taking the job, at three cents per hundred pounds to load and unload all trucks which appeared upon the particular dock where this accident occurred. Henry I. Stetler, Inc., had no voice in the matter, beyond the payment of the price arbitrarily fixed by the labor organization, and neither the corporation nor the runner had anything to do with the claimant; his relations were all with the labor organization or Joe Brosnan. *Matter of Litts* v. *Risley Lumber Co.* (224 N. Y. 321, 324, 325) is a sufficient authority for holding that Joe Brosnan was in the position of an independent contractor, and that the claimant was his employee at the time of the accident, and not the employee of Henry I. Stetler, Inc. Until some court of competent jurisdiction has overruled *Skeels* v. *Paul Smith's Hotel Company* (*supra*) and the authorities therein cited and relied upon, the award in the present case cannot be permitted to stand. The claimant does not pretend ever to have submitted to the conditions incident to a contract of employment by Henry I. Stetler, Inc.; he declares that he was employed by Joe Brosnan and there is no pretense that he owed any allegiance except to that person as the representative of a labor organization which has assumed to control this branch of work in connection with all the freight entering or leaving New York harbor.

The award should be reversed and the claim dismissed.

All concur, except JOHN M. KELLOGG, P. J., and COCHRANE, J., dissenting.

Award reversed and claim dismissed.