FRANK SVOBODA, Appellant, v. WESTERN FUEL COMPANY et al., Appellees.

**PRINCIPAL AND AGENT:** The Relation—Independent Business. A person who owns a conveyance and operates it at his own expense in hauling articles in his own way for others is not the agent of the owner of the thing hauled.

*Appeal from Pottawattamie District Court.*—E. B. WOODRUFF, Judge.

MAY 8, 1923.

ACTION at law, to recover damages for injury to property.

There was a directed verdict and judgment for the defendant Willadson. Plaintiff appeals.—*Affirmed.*

*George H. Mayne* and *Thomas O. Tacy,* for appellant.

*Kimball, Peterson, Smith & Peterson,* for appellees.

Weaver, J.—In this action, plaintiff seeks to charge the defendant Willadson with liability for damages on account of injury to plaintiff's property, alleged to have been caused by the trespass or negligence of one Thomas, while in the service of said Willadson. At the conclusion of the testimony, the trial court sustained the motion of Willadson's counsel for a directed verdict in his favor. From said ruling and judgment, plaintiff appealed. In submitting the appeal to this court, appellant assigns but two alleged errors, as follows:

"First. The court erred in excluding the testimony of defendant Thomas as to his reasons for delivering the coal in the rear of the premises instead of the front.

"Second. The court erred in sustaining defendant's motion for an instructed verdict as to defendant Willadson."

Plaintiff was a marble dealer, whose place of business was bounded on one side by a lot and building occupied by one Friedman, who ordered a load of coal from the defendant Willadson. The defendant Thomas was the owner of a truck which he used for delivering coal to Willadson's customers, when so directed, and was paid by the load for services performed. Friedman having ordered a load of coal from Willadson, the latter called upon Thomas to make the delivery, instructing him to dump the coal on the ground at 724 West Broadway Street. Willadson also sent with Thomas another man, whose business it was to carry the coal so dumped on the ground, upstairs into the Friedman building. As these men approached the place of delivery, the man who was to carry the coal upstairs suggested to Thomas that the work could be done more conveniently by dumping the coal at the rear of the premises, instead of at the front, and thereupon, Thomas undertook to drive his load around to the rear. In so doing, he either drove across a portion of plaintiff's lot or so near the line that some part of his

truck came in contact with a stone or marble monument on plaintiff's premises, tipping the monument over and against other monuments standing there, and causing considerable injury to such property.

This action to recover damages is based on the theory that Thomas was the employee of Willadson, and that liability for his negligence while in such service is chargeable to Willadson. The evidence was undisputed that Thomas owned the truck, which he himself operated, supplying his own gas and oil therefor. He used the outfit in the general business of "hauling and doing pump work." In hauling coal, the load was put on at Willadson's yard, and the driver was given a ticket, on which the customers receipted the delivery; and upon return of the ticket, Willadson paid the driver a dollar per ton for the work. In this instance, Thomas was given no special directions by Willadson, except to make a "dump delivery" at 724 Broadway. At the time of the accident, Thomas had been or was engaged in that service 4 or 5 days, though not at all times steadily. It was his custom to call up Willadson in the morning and inquire if the latter had any hauling to be done, and if so, then to attend to it.

In directing the verdict, the trial court held that the evidence failed to show that Thomas was the servant or agent of the defendant, but showed that he was engaged in an independent business; and that the rule of *respondeat superior* had no application to the case made by the testimony. This presents the only serious question in the case. It is clear that the plaintiff suffered an injury by the negligence of Thomas. Was the relation between Willadson and Thomas such as to impute to the former the negligence of the latter in performing the work in delivering the coal? The case is not free from difficulty. In a recent case, *Norton v. Day Coal Co.*, 192 Iowa 160, the like question arose in a proceeding under the Workmen's Compensation Act, and the finding of the industrial commissioner that the coal hauler was an individual contractor was sustained by a majority of the court. The writer of this opinion dissented from that conclusion, and still adheres to the belief that it was radically wrong; but until the rule so applied shall be withdrawn or annulled, it commands our obedience. In view of that con-

trolling precedent, there is nothing for us to do except to affirm the action of the trial court. The other assignment of error is without merit.

The judgment of the district court is—*Affirmed*.

PRESTON, C. J., STEVENS and DE GRAFF, JJ., concur.