WARNER *v.* FULLERTON-POWELL HARDWOOD LUMBER CO.

MASTER AND SERVANT — WORKMEN'S COMPENSATION LAW — EM-
PLOYEE—INDEPENDENT CONTRACTOR.

> On certiorari to review an order awarding compensation
> for an accidental injury, a finding that plaintiff was an
> employee rather than an independent contractor is af-
> firmed by an equally divided court.[1]

Certiorari to Department of Labor and Industry.
Submitted January 6, 1925.    (Docket No. 20.)    De-
cided June 18, 1925.  Rehearing denied October 1, 1925.

Jay W. Warner presented his claim for compensa-
tion against the Fullerton-Powell Hardwood Lumber
Company for an accidental injury in defendant's em-
ploy.    From an order awarding compensation, de-
fendant and the Lumbermen's Mutual Casualty Com-
pany, insurer, bring certiorari.    Affirmed by an
equally divided court.

*Alexander & Ruttle,* for appellants.

*Thomas J. Cavanaugh,* for appellee.

BIRD, J.    By occupation plaintiff was a farmer.
In January, 1924, he made a contract to haul logs for
defendant lumber company for $10 a thousand.  The
lumber company was carrying on operations in the
vicinity of plaintiff's home.    Plaintiff furnished his
own team and equipment, and cared for them.    While
on the highway with a load of logs his rear axle
broke and threw him to the ground and seriously in-
jured his head.    Application was made to the de-
partment of labor and industry for an award.    The

---

[1]Appeal and Error, 4 C. J. § 3113.

As to circumstances under which the existence of the relation-
ship of employer and independent contractor is predicable, see
comprehensive note in 19 A. L. R. 1168.

board of arbitration made an award and it was affirmed on review by the full board.

Defendants resist the claim on the ground that plaintiff was an independent contractor and not an employee within the meaning of the compensation law.   In quite a similar case on the facts the following test was laid down to guide in determining whether one was an employee or independent contractor:

"We are of the opinion that the test of the relationship is the right to control.   It is not the fact of actual interference with the control, but the right to interfere, that makes the difference between an independent contractor and a servant or agent." *Tuttle* v. *Embury-Martin Lumber Co.,* 192 Mich. 385 (Ann. Cas. 1918C, 664).

This test was applied in *Opitz* v. *Hoertz,* 194 Mich. 626, and in subsequent cases.

The contract of the parties was oral and provided for compensation at the rate of $10 per thousand feet.   Plaintiff was to use his own team and equipment, and was usually paid every Tuesday after the logs were scaled.   It appears that plaintiff worked when he pleased and laid off when he pleased.   He could draw a large or a small load, and select his own highway.   It appears that the defendant lumber company directed where and how the logs should be unloaded and piled in the railroad yard, and directed what logs should be hauled.   It also had the right to terminate plaintiff's employment at any time and to direct that no work should be done on certain days. The contract did not provide that plaintiff should haul any definite number or amount of logs, and Mr. Cochrane, who had charge of the business, testified that plaintiff had no authority to hire another man and team in his stead, or to hire an additional man and team.

The question of determining whether plaintiff was an employee or an independent contractor is one not

without difficulty, as is usual in such cases. Plaintiff, when at work, appears to have been treated very much like the other employees that were driving the company's teams, except the fact that the company did not direct the number of loads nor the size of them which should be drawn daily by him, nor did it provide that he should work every day. The manner of paying plaintiff by the thousand feet made the company rather indifferent to these details. In the essentials the company appears to have controlled. It directed what logs should be drawn, where they should be drawn to and how they should be piled. It selected its own time for scaling the logs and making payment for the hauling. There was no definite amount or number of logs to be hauled, as is usual in cases of independent contract. The question as to how long plaintiff was to work and whether he should work at all were also reserved by the company. And it would have been no violation of the contract if plaintiff had quit at any time. It appears that plaintiff had no right to substitute another team for his own, nor to employ an additional man and team. We think there is enough in the testimony to support the conclusion of the board that plaintiff was an employee, although the case is a close one.

Defendants are of the opinion that this case ought to be ruled by *Polka* v. *Lynch Timber Co.,* 227 Mich. 606. It is similar in that in both cases plaintiff was paid not by the day but by the amount of work he did. They differ, however, in this: In the *Polka Case* the amount of work to be performed was definite, and Polka could employ what labor he chose to assist him. He was under obligation to do a stated amount of work, and could not be legally discharged if he were doing his work according to contract. These elements were not present in the case at bar.

The award will be affirmed.

McDONALD, C. J., and SHARPE and MOORE, JJ., concurred with BIRD, J.

WIEST, J. (*dissenting*).   Plaintiff was an independent contractor, master of his own time, movements and services, and was not confined to his personal efforts, but could engage others to aid him in accomplishing a result for which he was to be paid a stipulated sum. The case is ruled by *Gall* v. *Detroit Journal Co.*, 191 Mich. 405 (19 A. L. R. 1164); *Carleton* v. *Foundry & Machine Products Co.*, 199 Mich. 148 (19 A. L. R. 1141); *Zoltowski* v. *Ternes Coal & Lumber Co.*, 214 Mich. 231; *Odle* v. *Charcoal Iron Co.*, 217 Mich. 469.

The award should be vacated.

CLARK, STEERE, and FELLOWS, JJ., concurred with WIEST, J.