In re Estate of John W. Amond.

William Bolon, Administrator, Appellee, v. Viola Amond et al., Appellants.

MASTER AND SERVANT: Workmen's Compensation Act—Contractor (?) or Employee (?) A delivery man who is subject to no control by the person with whom he contracts, except to obey directions as to *what* and *where* to deliver, is a contractor, and not an employee. (See Book of Anno., Vol. I, Sec. 1421, Anno. 13 *et seq.*)

Headnote 1: Workmen's Compensation Acts—C. J. p. 50.

Headnote 1: 14 R. C. L. 67; 28 R. C. L. 672.

*Appeal from Webster District Court.*—G. D. Thompson, Judge.

November 23, 1926.

Rehearing Denied March 11, 1927.

The plaintiff, William Bolon, is the administrator of the estate of Reuben L. Bolon, deceased, and the defendants are the administrators of the estate of John W. Amond. The claim filed is for damages resulting from the death of Reuben L. Bolon, who, plaintiff alleges, was the employee of John W. Amond. It is alleged, also, that he died from fatal injuries received by him in the performance of his duties as such employee. There was a verdict for the plaintiff, and the defendants appeal.—*Reversed.*

*Mitchell, Files & Mulholland* and *Price & Burnquist*, for appellants.

*Healy & Breen*, for appellee.

Stevens, J.—For some time prior to the accident resulting in his death, Reuben L. Bolon delivered coal to various customers for John W. Amond, using his own team and wagon, and receiving 80 cents per ton for his services. The orders for coal were received at Amond's office, and a duplicate weigh check given to Bolon, with directions as to the bin from which the coal

to be delivered was to be taken, and the name and residence of the customer to whom delivery was to be made. On or about October 6, 1924, after completing his deliveries for the day, Bolon and his father, who was assisting him, returned home, and, while he was engaged in unhitching and watering the horses, the accident resulting in the former's death occurred. The senior Bolon testified that the accident occurred about fifteen minutes after the last delivery of coal was completed, and while he was pumping water for the team. He testified that it was the custom of deceased to unhitch the off horse first, and let it go to the tank for water; but that, on the evening in question, he commenced on the other side, and unhitched three tugs, and put them up. He apparently forgot to unhitch the remaining tug, but removed the horse's bridle. Observing that the tug was not unhitched, and that the horse had started to the tank, he tried to stop him; but the wagon box touched and scared the horse, causing him to jump across the tug, jerking the wagon, and knocking the deceased down. While he was down, the horse stepped upon him, inflicting the injuries from which he died the following morning.

Amond neglected to take liability insurance, and this action is based upon a common-law liability for negligence, as modified by the Workmen's Compensation Act. Section 1467, Code of 1924. We shall consider but one of the grounds relied upon by appellant for reversal, namely that Bolon was an independent contractor, and not an employee. The term "employee" is defined by Section 1421 of the Code of 1924 as:

"A person who has entered into the employment of, or works under contract of service, express or implied, or apprenticeship, for an employer, except as hereinafter specified."

The statutes of this state do not, as do the statutes in some other jurisdictions, define an independent contractor; but Section 1421 provides that an independent contractor shall not be deemed a workman or employee, within the meaning of the act. The meaning of the term "independent contractor" has been many times judicially determined. A large number of these definitions are collected in the annotation following *Nichols v. Hubbell*, 19 A. L. R. 221. Likewise, various tests have been applied by the courts of this country for determining, under the facts of a given case, whether the claimant was an employee or

an independent contractor. Among these various tests are the right to control and direct the work of the person employed; the right to terminate the relationship at will, without involving liability for the breach of the contract; the nature of work contracted for; the right of a teamster to employ substitutes; the mode of making compensation; the furnishing by the claimant of teams, wagons, tools, and the instrumentalities with which the services are performed; control over hours of work; and other pertinent tests. These tests are also discussed in the annotation following *Re Dobson*, 42 A. L. R. 603.

Looking to our own cases, we find that the test quite uniformly applied in this state is: Does the employee represent the master as to the result of the work only, or as to the means by which the result is obtained? If as to the result, and in the employment of the means he acts entirely independently of the master, he must be regarded as an independent contractor. *Overhouser v. American Cereal Co.*, 118 Iowa 417. In all of the cases decided by this court, particular emphasis has been given to the right of the employer to dictate and control the manner, means, and details of performing the services. *Hoff v. Shockley*, 122 Iowa 720; *Humpton v. Unterkircher & Sons*, 97 Iowa 509; *Miller v. Minnesota & N. W. R. Co.*, 76 Iowa 655; *Parrott v. Chicago G. W. R. Co.*, 127 Iowa 419; *Francis v. Johnson*, 127 Iowa 391. The foregoing tests appear to us as the more logical and satisfactory. Unless the employer has the right to direct the means and manner of doing the work, and has the right of control over the employee, the doctrine of *respondeat superior* is not applicable. *Callahan v. Burlington & M. R. R. Co.*, 23 Iowa 562. An essential element of this doctrine is the right of control by the master or employer over the servant or employee. *Brown v. McLeish*, 71 Iowa 381; *Kellogg v. Payne*, 21 Iowa 575. The tests suggested have been applied in numerous decisions of this court involving the Workmen's Compensation Act. In each of these cases, the determinative question was: Did the employer have the right to direct the workman as to the manner and means of doing the work: that is, did he exercise control over him as to the means employed and manner of rendering the services? *Pace v. Appanoose County*, 184 Iowa 498; *Knudson v. Jackson*, 191 Iowa 947; *Franks v. Carpenter*, 192 Iowa 1398; *Root v. Shadbolt & Middleton*, 195 Iowa 1225; *Svoboda v. West-*

*ern Fuel Co.*, 195 Iowa 1137; *Norton v. Day Coal Co.*, 192 Iowa 160.

The decisions in other jurisdictions are not entirely in harmony with the rule announced by this court, but all courts recognize the reserved right of the employer to control the method and means of doing the work, rather than merely the result, as factors to be considered in determining whether the claimant was an employee or an independent contractor. Many of the cases hereafter cited involve the claims of teamsters. We do not deem it necessary to classify or review the decisions from other jurisdictions, but cite them as illustrations of the application of the rules enumerated, and as supporting our own decisions. *Harmon v. Ferguson Contracting Co.*, 159 N. C. 22 (74 S. E. 632); *Barton v. Studebaker Corporation of America*, 46 Cal. App. 707 (189 Pac. 1025); *Industrial Commission v. Hammond*, 77 Colo. 414 (236 Pac. 1006); *Burt v. Davis-Wood Lbr. Co.*, 157 La. 111 (102 So. 87); *Thompson v. Twiss*, 90 Conn. 444 (97 Atl. 328); *Gallagher's Case*, 240 Mass. 455 (134 N. E. 344); *Winslow's Case*, 232 Mass. 458 (122 N. E. 561); *Towne's Case*, (Mass.) 150 N. E. 157; *Industrial Commission v. Bonfils*, 78 Colo. 306 (241 Pac. 735); *Warner v. Fullerton-Powell Hardwood Lbr. Co.*, 231 Mich. 328 (204 N. W. 107); *Bristol & Gale Co. v. Industrial Commission*, 292 Ill. 16 (126 N. E. 599); *Kelley's Dependents v. Hoosac Lbr. Co.*, 95 Vt. 50 (113 Atl. 818); *Hector v. Cadillac Plumbing & Heating Co.*, 226 Mich. 496 (198 N. W. 211); *Johnson v. State Highway Commission* (Me.), 134 Atl. 564.

When the foregoing test is applied to the facts of this case, it is quite clear that the deceased was an independent contractor, and not an employee; therefore, *Svoboda v. Western Fuel Co.*, supra, and *Norton v. Day Coal Co.*, supra, are controlling. Deceased owned a team, wagon, harness, and all the necessary equipment for performing services in the city of Fort Dodge as a teamster. Amond, who was engaged in selling coal, had frequently employed the deceased to haul coal from cars to his bins for storage, as well as to deliver coal from the bins to customers in various parts of the city. His compensation for hauling coal from the cars to the bins was 20 cents per ton, and from the bins to customers throughout the city 80 cents per ton. The employment was not steady, and was limited to such time as Amond had

coal to be hauled, which was most of the time. When not engaged with his team and wagon in hauling or delivering coal for Amond, he was employed with his team by others, to perform various services. The only control exercised by Amond over the deceased was to designate the bin or car from which coal was to be taken, and to whom to be delivered. The deceased selected his own route, his hours of work, and the method and means of doing it. Occasionally, his father, at his request or voluntarily, assisted him. The deceased generally earned his living by the use of his team and wagon, and, as expressed by his father on the witness stand, "He was a free lance, working with his team, hauling for anybody he could get work with." Payment was made every Saturday night for the work performed during the week. Not only did he own the team, wagon, and harness, but he kept them upon his own premises, supplied feed therefor, and made all necessary repairs at his own expense.

It must, of course, be conceded that, if deceased was an independent contractor, and not an employee, it was incumbent upon appellee to allege and prove negligence, as in any other action to recover damages upon a common-law liability; and Section 1379 of the Code of 1924 has no application. Judgment is, accordingly, reversed.—*Reversed.*

DE GRAFF, C. J., and EVANS and VERMILION, JJ., concur.