**VOLKSWAGEN IOWA CITY, INC.,**
Appellee,

v.

**SCOTT'S INCORPORATED, Appellant.**

No. 53149.

Supreme Court of Iowa.

March 11, 1969.

Gene V. Kellenberger and Keyes & Crawford, Cedar Rapids, for appellant.

Shulman, Phelan, Tucker, Boyle & Mullen, Iowa City, for appellee.

GARFIELD, Chief Justice.

This is a law action by Volkswagen Iowa City, Inc., tried to the court without a jury, to recover for damage to 26 used and 13 new automobiles on its parking lot caused by paint blowing onto them during the spray-painting by defendant VeDepo of a nearby new store building of defendant Scott's Inc.

The petition alleges defendant VeDepo allowed the paint to be blown onto the automobiles and so caused the damage. It is then alleged the damage was the result of negligence of defendants, all the instrumentalities causing it were under their exclusive control, it would not have occurred except for such negligence and "plaintiff relies upon the doctrine of res ipsa loquitur."

The trial court held the relationship between Scott's and VeDepo was one of employer-employee based on the facts the former hired the latter to do the painting, furnished the paint, *supervised the painting* and paid VeDepo for applying the paint. The court fixed plaintiff's damage at $1050 and entered judgment against both Scott's and VeDepo therefor. Scott's has appealed to us.

Appellant's two assigned errors challenge sufficiency of the evidence to support the finding an employer-employee relation existed between it and the painter VeDepo and the conclusion it is liable for his alleged negligence. We must agree with appellant.

I. Only two witnesses testified—Allen E. Greb, president and majority stockholder of plaintiff, and Charles T. Scott, vice president and stockholder of Scott's. There is very little dispute in the evidence.

Plaintiff is a dealer in new and used automobiles. Defendant Scott's new store building on adjoining property was built under contract by it with a builder from another city. The general contractor entered into a subcontract with one Rushton for construction of the roof. The building had received only one coat of cement paint and needed a finish coat. VeDepo was a painter employed by Rushton. In the spring of 1966 these two approached Charles Scott about painting the new building. After negotiations, $150 for painting the building plus $34.50 extra for painting the canopy ($184.50 in all) was agreed upon. Scott's had paint and was to furnish it for the job.

Plaintiff's witness Mr. Greb gave little if any testimony bearing on the relationship between Scott's and VeDepo or the former's liability for claimed negligence of the latter. His evidence relates mainly to the extent of plaintiff's damage.

Greb said that about May 15 "we" noticed one of our autos was speckled with paint of a different color than the car; he went to an adjacent lot where VeDepo was spray-painting and asked him if he knew the spray was hitting their cars; VeDepo said he didn't know it; it is 200 feet between plaintiff's and defendant's buildings but less than 50 feet between defendant's building and plaintiff's parking lot; the witness would say one of the Scott brothers was in and about the store during the painting; he did not talk to either of them about the paint matter.

On cross-examination Mr. Greb said when he talked to VeDepo the latter kept on painting; the witness left and did nothing further about the paint drifting onto their cars; his talk with VeDepo was when "we just noticed the paint on our cars," he did not ask VeDepo to stop painting as he didn't think he had that right; the witness merely brought the matter to VeDepo's attention; he did not know the Scott brothers were present any time the painting was being done as he did not see them there; the painting took more than 1 day but he doesn't know how much longer; the witness did not remember talking to either Scott brother the day he first noticed paint on their cars nor any time during the painting; he did talk to Scott but he could not say what day.

Defendant's witness Scott testified that so far as he was concerned the agreement for the painting was for nothing but a completed paint job; "At no time did I or any of my employees supervise, instruct or in any way have anything to do with the painting job; I paid no attention to the job being done; I knew nothing about paint on plaintiff's cars until sometime after it allegedly happened;" when VeDepo completed the painting defendant received a statement for the agreed price of $184.50 which it paid.

On cross-examination Mr. Scott said he did not supervise or attend construction of the building; once he let the contract for the painting he paid no attention to it; he observed the job and inspected it after it was done; he is one of the operators of the store which was open for business at that time and he could have been there during the painting; defendant furnished the paint; it was there at the store and set out for VeDepo to use; the spraying equipment, ladders and otherwise were furnished by the contractor; it was part of the agreement the painting be done within a reasonable time and this was done; it was immaterial to the witness whether the building was spray or brush painted; VeDepo said he had spray equipment and the witness agreed it be used.

In addition to testimony of the two witnesses summarized above, plaintiff offered in evidence without objection interrogatories filed by it under rule 121, Rules of Civil Procedure, to be answered by defendants and their answers thereto. To the interrogatory directed to Scott's, "State whether you did, through any officer, agent or employee, direct or supervise such painting," the answer was "This was a contract job for a completed result; there was no directing, supervising or other control exercised over contractor who did this work by any officer, agent or employee of this corporation."

To the interrogatory to be answered by VeDepo, "State whether you performed any * * * exterior painting of the aforesaid store * * * either directly or through persons directly hired by you," the answer was "Said painting services were performed by defendant himself. He retained one other person as his employee to assist him."

II. These propositions are deemed so well established that authorities need not be cited in support of them: Findings of fact in a law action are binding upon us if supported by substantial evidence. In considering Scott's claim the evidence is insufficient to support the findings and conclusions we view the evidence in the light most favorable to plaintiff. Rule 344(f) 1 and 2, Rules of Civil Procedure.

It is clear the burden rested on plaintiff to prove by a preponderance of the evidence an employer-employee relationship existed between Scott's and VeDepo as the trial court found. McDonald v. Dodge, 231 Iowa 325, 329–330, 1 N.W.2d 280, 283; Schlotter v. Leudt, 255 Iowa 640, 649, 123 N.W.2d 434, 440; Reynolds v. Skelly Oil Co., 227 Iowa 163, 165, 287 N.W. 823. See also Nelson v. Cities Service Oil Co., 259 Iowa 1209, 1213–1214, 146 N.W.2d 261, 263–264 and citations; rule 344(f) 5 and 6 R.C.P.

Plaintiff does not deny it had the burden to prove the existence of an employer-employee relationship between Scott's and VeDepo. Its first proposition relied upon for affirmance is that the evidence was sufficient to establish such relationship "upon which the liability of Scott's Inc. could be predicated."

III. We have repeatedly pointed out the most commonly accepted indicia of the relationship of the employer-employee, frequently in determining whether a person rendering service to another is an employee or independent contractor. Our most recent decision of this kind as this is written is Swain v. Monona County, Iowa, 163 N.W.2d 918, 921, quoting from Nelson v. Cities Service Oil Co., supra, 259 Iowa 1209, 1215, 146 N.W.2d 261, 264–265. The Nelson opinion in turn quotes from several earlier precedents, including Schlotter v. Leudt, supra, 255 Iowa 640, 643, 123 N.W. 2d 434, 436–437.

The Schlotter and Nelson cases state: "The most important consideration in determining whether a person giving service is an employee or an independent contractor is the right to control the physical conduct of the person giving service. If the right to control, the right to determine, the mode and manner of accomplishing a particular result is vested in the person giving service he is an independent contractor, if it is vested in the employer, such person is an employee."

It may be well also to repeat from Mallinger v. Webster City Oil Co., 211 Iowa 847, 851, 234 N.W. 254, 256–257 and many later precedents, including Swain v. Monona County and Nelson v. Cities Service Oil Co., both supra, these commonly recognized tests of an independent contractor: "(1) The existence of a contract for the performance by a person of a certain piece or kind of work at a fixed price; (2) independent nature of his business or of his distinct calling; (3) his employment of assistants with the right to supervise their activities; (4) his obligation to furnish necessary tools, supplies, and materials; (5) his right to control the progress of the work, except as to final results; (6) the time for which the workman is employed; (7) the method of payment, whether by time or by job; (8) whether the work is part of the regular business of the employer."

See also 41 Am.Jur.2d, Independent Contractors, sections 5 and 8, pages 743–746, 751–753.

IV. We can find no substantial evidence to support the trial court's findings the relationship between the two defendants was one of employer-employee or that Scott's supervised the painting.

Plaintiff thinks these matters of evidence support the findings:

(1) An owner of Scott's was on the premises "most every day" when the painting took place.

(2) While on the premises this owner observed the painting and checked it when completed.

(3) Scott's "requested" the painting be done within a réasonable time.

(4) Scott's furnished the paint and picked the color to be used.

■ We think the evidence on these points does not furnish substantial support for the court's findings. There is no testimony Mr. Scott was at his store to supervise the painting, that he retained the right to do so or in fact exercised any control over the means by which VeDepo performed his contract. The evidence is to the contrary. Scott was at his store as one of its operators just as he was when it was open for business before and after it was being painted. There is no evidence as to how long the painting took except it was more than one day. It is common knowledge occupants of a building do not ordinarily vacate it while a coat of paint is applied to the exterior.

■ It is true Mr. Scott observed the painting while at the store. His testimony is: "A couple of times from a distance I saw the job being done. I did not pay any attention to it specifically." He had a right, like anyone who engages an independent contractor, to inspect the completed job before paying the agreed price. "The employer of an independent contractor does and may properly retain control necessary to see the result is obtained according to plan." Schlotter v. Leudt, supra, 255 Iowa 640, 643, 123 N.W.2d 434, 437, and citations; Litts v. Risley Lumber Co., 224 N.Y. 321, 120 N.E. 730, 731–732, 19 A.L.R. 1147, 1150; 41 Am.Jur., 2d, Independent Contractors, section 8, page 751.

As to the "request" the painting be done within a reasonable time, the evidence, elicited on plaintiff's cross-examination of Mr. Scott, is "It was my understanding and part of the agreement that it be done in a reasonable time." He also said "And it was done within that reasonable time. I did not give them any deadline date." Contracts for services frequently make some provision as to time of performance. As bearing on this see 98 C.J.S. Work and Labor, § 32b, page 765.

The fact Scott's furnished the paint (owned by it) and picked the color is insufficient to support the finding an employer-employee relation existed between the two defendants for rendition of the services. Francis v. Johnson, (Ladd, J.), 127 Iowa 391, 393, 101 N.W. 878; Litts v. Risley Lumber Co., supra, 224 N.Y. 321, 120 N.E. 730, 732, 19 A.L.R. 1147, 1150.

■ Our conclusion there is no substantial evidence to support the finding referred to is fatal to plaintiff's right to recover from Scott's for the claimed negligence of VeDepo. "Unless the employer has the right to direct the means and manner of doing the work, and has the right of control over the employee, the doctrine of respondeat superior is not applicable." In re Estate of Amond, 203 Iowa 306, 308, 210 N.W. 923, 924; Reynolds v. Skelly Oil Co., supra, 227 Iowa 163, 170, 287 N.W. 823.

■ Since 1892 we have adhered to the proposition, now embodied in our rule 344(f) 1 R.C.P. referred to in Division II supra, that findings of fact must be supported by substantial evidence. A mere scintilla is not enough. See Meyer v. Houck, 85 Iowa 319, 322–328, 52 N.W. 235; Ross v. Miller, 254 Iowa 1364, 1368, 121 N.W.2d 124, 126; Schlotter v. Leudt, supra, 255 Iowa 640, 649, 123 N.W.2d 434, 440; Ellingson v. Kramer, 255 Iowa 1257, 1262, 125 N.W.2d 777, 780. See also Nizzi v. Laverty Sprayers, Inc., 259 Iowa 112, 121, 143 N.W.2d 312, 317.

We may add that if the commonly recognized tests of an independent contractor set out at the end of Division III supra are applied here, VeDepo meets every test except that although it was his obligation to

furnish the necessary tools, ladders and spraying equipment, Scott's was to and did furnish the paint.

Cases, cited supra, supporting our conclusion on the sufficiency of the evidence of the employer-employee relationship include Francis v. Johnson, 127 Iowa 391, 101 N.W. 878; Reynolds v. Skelly Oil Co., 227 Iowa 163, 170, 287 N.W. 823; McDonald v. Dodge, 231 Iowa 325, 1 N.W.2d 280; Schlotter v. Leudt, 255 Iowa 640, 123 N.W.2d 434; Litts v. Risley Lumber Co., 224 N.Y. 321, 120 N.E. 730, 19 A.L.R. 1147.

V. Although plaintiff agrees that as a general rule one who employs an independent contractor is not liable for the latter's acts or omissions, it seeks to invoke here an exception to the rule thus stated in 41 Am.Jur.2d, Independent Contractors, section 40, pages 802–803: "Generally; work dangerous in absence of special precautions.

"It is well settled that an employer who orders work to be executed, from which, in the natural course of things, injurious consequences must be expected to arise unless means are adopted by which such consequences may be prevented, is bound to see that necessary precautions are taken to prevent injury, and such person cannot relieve himself of his responsibility by employing someone else, * * * to do what is necessary to prevent the work from becoming wrongful. This rule is sufficiently comprehensive to embrace, not only work which from its description is 'inherently or intrinsically dangerous,' but also work which will, in the ordinary course of events, occasion injury to others if certain precautions are omitted, but which may, as a general rule, be executed with safety if those precautions are taken."

See also Annos. 12 A.L.R.2d 36; 33 A. L.R.2d 7 and earlier annotations there cited. After calling attention to some of the precedents cited in these annotations, plaintiff's brief continues: "The apparent underlying rationale of this line of cases seems to be that the duty of the employer to take those precautions which are necessary to prevent the work from becoming a probable source of injury to a certain class of persons is absolute; and consequently nondelegable."

■ No issue such as plaintiff seeks to invoke now was raised in the trial court by pleading or otherwise. The record does not support the issue. So far as shown, defendants were not called upon to meet such an issue and the trial court gave it no consideration.

We have held many times we will not consider an issue raised by an appellee—as well as by an appellant—for the first time in this court. Phinney v. Montgomery, 218 Iowa 1240, 1246–1247, 257 N.W. 208, 211, cites many Iowa cases for this: "Appellees contend here for the first time that the Board of Trustees of the hospital are not proper parties because the creditors are the real parties in interest, * * *. They also contend that it would not lie in favor of creditors, because they would have an adequate remedy at law. These questions were not raised at the trial in the lower court, * * * and as they are presented here for the first time, they cannot be considered. It is the settled rule of law in this state that an issue not raised below cannot be raised or presented for the first time on appeal."

Jensvold v. Chicago, Great Western R. Co., 236 Iowa 708, 715, 18 N.W.2d 616, 619, holds: "Appellee here is raising a question not presented to the district court. This court has uniformly held that this cannot be done."

In Morrison-Knudsen Co. v. State Tax Commission, 242 Iowa 33, 41, 44 N.W.2d 449, 454, 41 A.L.R.2d 523, defendant-appellee argued it was entitled to an affirmance on a contention not raised in the trial court. We held "upon familiar principles defendant is not entitled to advance it for the first time here."

We have uniformly declined to affirm a directed verdict or dismissal on motion of an appellee on a ground not asserted in the trial court. Gross v. Hocker, 243 Iowa 291, 296, 51 N.W.2d 466, 468–469 and citations.

In Stickleman v. Synhorst, 243 Iowa 872, 876, 52 N.W.2d 504, 507, defendants-appellees argued one defendant was entitled to an affirmance on the ground he was not liable for any negligence of the other defendant. We held "No such contention was made in the lower court * * * and defendants may not raise it for the first time in this court."

Livingston v. Davis, 243 Iowa 21, 30, 50 N.W.2d 592, 598, 27 A.L.R.2d 1237, holds "Relief should not be granted which is outside the issues and without support in the evidence." We refused to approve the grant of such relief although the party who succeeded on that issue sought to sustain it here on such theory.

In Gottschalk v. Sueppel, 258 Iowa 1173, 1183, 140 N.W.2d 866, 872, plaintiff-appellee asked us to affirm the trial court on a ground not previously raised by him. We declined to do so, citing Gross v. Hocker; Jensvold v. Chicago, Great Western R. Co.; and Phinney v. Montgomery, all supra.

5 Am.Jur.2d, Appeal and Error, section 546, page 31, contains this: "Necessity of adherence to theory pursued below.

"Corollary to the rule that errors not raised below will ordinarily not be considered on appeal is the rule that the reviewing court will consider the case only upon the theory upon which it was tried in the court below."

To like effect is 5 C.J.S. Appeal and Error § 1503a, pages 863–864.

The judgment is

Reversed.

All Justices concur.