[1] Though plaintiff’s husband’s contract was with an independent contractor who had charge of this clearing, the defendant company is liable (under section 6 of said act), if plaintiff’s husband was an employe, and not, as contended by defendant, an independent contractor.
[2] The work consisted in felling the trees and sawing them into logs. Sometimes only two men were on the work, and sometimes as many as fifteen; all independently of each other. They were paid at the rate of so much per thousand feet of the lumber contents of the logs. Their agreements were not for any fixed time, nor for any given quantity of work, so far as the record shows. Apparently they were at liberty to quit at any time and be paid for the quantity of work done. The contractor furnished the saws and axes with which the work was done and kept them in good order. He exercised no control whatever over the men or their work and no supervision, except that he would designate to each the section upon which to cut (the right of way was laid off into sections, of 100 feet), and would see that the stumps were left level with the ground along the center of the right of way, a width of 16 feet, according to the specification of his own contract with the defendant company.
Under these circumstances, we are clear that plaintiff’s husband was not an employé. He had not hired his services (O. C. arts. 164, 2745), but was working as his own master. He was at liberty to do the work when ana as he pleased. He was not even being paid wages, but only for whatever work he chose to accomplish. A workman who in the man-( ner of doing his work is under nobody’s direction or control, but his own cannot be classed as an employé, but is an independent contractor. Ann. Cas. 1913B, 574; 14 R. C. L. 67; 65 L. R. A. 447; Moffet v. Koch, 106 La. 371, 31 South. 40; Robideaux v. Hebert, 118 La. 1089, 43 South. 887, 12 L. R. A. (N. S.) 632; Clark v. Tall Timber, 140 La. 380, 73 South. 239; Young v. Fosburg L. Co., 147 N. C. 26, 60 S. E. 654, 16 L. R. A. (N. S.) 255.
Judgment affirmed.