(102 So. 87)

No. 26661.

## BURT v. DAVIS–WOOD LUMBER CO.

(Nov. 3, 1924.)

*(Syllabus by Editorial Staff.)*

1. **Master and servant** ⬡⇒367—**Teamster hauling lumber from sawmill to customers held not independent contractor; "servant."**

One hauling and delivering lumber to purchasers, at $3.50 to $4 per thousand feet, as measured by sawmill's representative, who gave specific instructions as to lumber to be hauled, and as to delivery, *held* not independent contractor, but servant, within workmen's compensation statute, though he furnished his own wagon and team.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Servant.]

2. **Master and servant** ⬡⇒388—**Award of compensation to deceased employee's 18 year old son erroneous.**

Judgment awarding compensation to deceased employee's 18 year old son *held* erroneous.

3. **Master and servant** ⬡⇒386(1)—**Funeral and burial expenses paid by deceased employee's widow allowable.**

Amount paid for funeral and burial expenses by deceased employee's widow is allowable by Act No. 247 of 1920 to extent of $100.

Suit under the workmen's compensation statute by Jessie W. Burt, for herself and others, against the Davis-Wood Lumber Company, for the death of Hunter C. Burt, employee. Judgment for plaintiff was reversed by Court of Appeal, and she applies for certiorari or writ of review. Judgment of Court of Appeal set aside, and that of district court amended and affirmed as amended.

C. Sidney Frederick, of Covington, for applicant.

Harvey E. Ellis, of Covington, for defendant.

THOMPSON, J. Mrs. Jessie W. Burt, for herself and two minor children, brings this suit as dependent beneficiary of her son, Hunter C. Burt, who was accidentally killed while working for the defendant. The suit is under the workmen's compensation statute, otherwise called the Employers' Liability Act (Act No. 20 of 1914).

Judgment was rendered in the plaintiff's favor by the district court for $7.50 per week for 300 weeks. On appeal to the Court of Appeal, the judgment was reversed and the plaintiff's demand was rejected. That judgment is before us for review.

There is little discrepancy in the evidence as relates to the material and substantial facts of the case. The young man lost his life by the falling in or giving way of a bridge on a public road of the parish of St. Tammany over which he was crossing with his wagon and team.

It is conceded, or at least is not seriously denied, that the plaintiffs were dependent, to some extent, for support on the young man, and it is not disputed that the accident which caused the death occurred while he was performing services "arising out of and incidental to his employment in the course of his employer's trade, business, or occupation."

[1] The real defense to the action is that young Burt was not an employee of the defendant, within the meaning of the statute under which the suit is brought, but that he was an independent contractor.

The defendant operated a sawmill situated in the country some distance from railroad or water transportation, and the only means of getting the product of the mill to market and to its customers and purchasers was by wagons and teams. Young Burt, with others, was employed to do this hauling and delivery of the manufactured lum-

ber. He furnished his own wagon and team, and was paid at the rate of $3.50 and $4 per thousand feet. He boarded at the boarding house which furnished accommodations to the company and the company's mill force. The young man was carried on the pay roll the same as the other laborers of the mill, and was paid on the regular pay days every two weeks. He sometimes bought feed and supplies from the company, and, when the biweekly settlements were made, the supply account and the account due for board were deducted from the amount due for hauling for the stated period of two weeks.

The company pointed out to the haulers the kind and character of the lumber to be hauled, and directed the place of delivery and the person to whom the lumber was to be delivered. When the loading on a wagon by Burt (who loaded the wagon and drove his own team) was completed, a representative of the defendant measured the lumber on the wagon and gave the hauler specific written instructions, to whom and where it was to be delivered. The defendant had practical control and supervision of the haulers, and the absolute right to say when and what lumber should be hauled, and this carried with it the right and authority to discharge the employee at will.

We think, under these circumstances, the doctrine of independent contractor has no application. There was obviously no piece work engaged to be performed, there was no particular job to be executed, there was no specified pile, stack, or quantity of lumber to be hauled, but only such as was pointed out and when pointed out by the employer.

The case falls within the ruling of the court in Bell v. Albert Hanson Lbr. Co., 151 La. 824, 92 So. 350; and the case of Dick v. Gravel Logging Co., 152 La. 998, 95 So. 99. In the first-noted case (Bell v. Albert Hanson Lbr. Co.), the court, in discussing the nature and character of the employment and the duties of the employee, had this to say:

"In the case at bar the most salient feature is that the decedent was a mere swamp laborer, earning his livelihood as one of a gang of men constituting part of the logging outfit of the defendant company's sawmill. To characterize such a laborer as an independent contractor would be simply to ignore the realities of the situation."

In the Dick Case, supra, the deceased was employed to cut and saw the logs in the woods, which were to be placed on log cars to be delivered to the lumber company's mill. He was paid at the rate of 45 and 50 cents per thousand feet, board measure, according to whether he furnished his own tools or was supplied by the company with them. The court held that he was a mere laborer, and in no sense an independent contractor.

We may here appropriately repeat, and we do so with emphasis, what the court said in the last above mentioned case.

"Under the narrow and restricted construction sought to be placed upon the statute by defendant's counsel, every workman employed to do piece work in shop, factory, home, or elsewhere would be classed as an independent contractor, although he is not more free from the control and direction of his employer than the most ordinary day laborer."

It would be inconsistent and illogical to say that laborers who cut saw logs and haul them to a sawmill, to be sawed into lumber at so much per thousand feet, come within the terms of the statute, while those who haul the manufactured product away from the mill to the market upon a like scale of compensation are independent contractors, and not within the provisions of the statute. It would seem as necessary to the successful operation of a sawmill to get its output to the market as it is to supply the mill with logs to be sawed into lumber.

We think the case of this plaintiff comes within the principles of the two cases noted above, rather than that of Helton v. Tall Timber Lbr. Co., 148 La. 180, 86 So. 729.

Nor does the fact that the employee furnished his wagon and team alter his rela-

tions with his employer; nor does such fact put the employee in the character of an independent contractor. The circumstance of an employee furnishing his own team or tools could be of significance or weight at most, in fixing the average weekly wages.

Of course, if the employee had engaged to haul the output of the mill at so much per thousand, furnishing sufficient teams and wagons, and employing assistants and drivers to do the hauling, a different case might be presented. In such a case it might well be said that the compensation was to cover profit on the investment in the teams and wagons, and not compensation for personal services.

The wage-earners could be the laborers who were employed by the owner of the teams to do the hauling. But we have not such a case presented here. On the contrary, Burt was a mere-laborer, driving his own team and loading and unloading his own wagon, and his wages could, in no legal sense, be regarded as a profit on his investment in the team and wagon.

An examination of the evidence on the question of the amount of the average weekly wages has not enabled us to say that the district judge committed an error in fixing the amount at $15 per week. The evidence certainly would not have justified fixing a less sum. It was within the power of the defendant to show the amount paid to Burt, for his services in hauling, and the average weekly earnings. However, we think the amount allowed is not in excess of the average weekly wages, independent of any sums that might be allotted for the team and wagon.

[2, 3] The evidence shows that one of the minors, John C. Burt, Jr., was 18 years of age, and therefore the judgment awarding him compensation was error. This is admitted by counsel for plaintiff in their brief. The court also committed an error in reject-ing the claim of $100 for funeral and burial expenses. The evidence shows that this amount, and even more, was paid by the plaintiff. The amount is allowable by Act 247 of 1920.

It is therefore ordered and decreed that the judgment of the Court of Appeal be and the same is annulled and set aside, and that the judgment of the district court be amended by reducing the payments to the sum of $6 per week, and by allowing the plaintiff $100 for burial and funeral expenses, and, as thus amended, that the said judgment be affirmed, at the costs of the defendant.