No. ———

Second Circuit

ALEXANDER v. LATIMER

(June 30, 1926, Opinion and Decree.)
(Oct. 4, 1926, Rehearing Refused.)
(Nov. 3, 1926. Writs of Certiorari and Review Denied by Supreme Court.)

(*Syllabus by the Editor.*)

1. **Louisiana Digest—Master and Servant —Par. 154, 156.**

The general rule in construction under the Workmen's Compensation Law No. 20 of 1914 is to include all services which can be reasonably said to come within its provisions.

2. **Louisiana Digest—Master and Servant —Par. 156.**

One who is employed to deliver gravel, is directed to haul over certain routes and deliver gravel at certain points, is an employee and not an independent contractor even though the compensation received by him included payment for the use of the truck.

3. **Louisiana Digest—Master and Servant —Par. 154, 159.**

Where one is paid wages for work and compensation for the use of his truck his compensation under the Workmen's Compensation Act 20 of 1914, will be guaged by the amount received by him as wages disregarding the amount paid for the use of the truck.

4. **Louisiana Digest—Master and Servant —Par. 159.**

An injured employee whose face and head are seriously and permanently disfigured can recover compensation under Section 8 Subsection 1 (c) of the Workmen's Compensation Act No. 20 of 1914 for sixty-five per cent of his wages for a period of one hundred weeks.

(The recent amendment of Section 8 of Act 20 of 1914 is amended by Act 85 of 1926. *Editor's note*.)

Appeal from the Eleventh Judicial District Court of Louisiana, Parish of DeSoto. Hon. Hal A. Burgess, Judge.

Action by Dolphus A. Alexander against Belton Latimer. There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

Huey P. Long, G. T. McSween, of Shreveport, attorneys for plaintiff, appellee.

Lee and Bell, of Mansfield, attorneys for defendant, appellant.

WEBB, J.   This is an action under the Employers' Liability Law, in which the plaintiff seeks to recover judgment for partial disability to do any work of a reasonable character under clause (c) and for permanent disfigurement under clause (c), of subsection 1 of section 8 of the statute.

The defendant answered, denying liability, and especially pleading that plaintiff was an independent contractor.

On trial judgment was rendered in favor of the plaintiff under clause (e) of subsection 1 of section 8, for compensation at the rate of eleven and 70-100 dollars per week for a period of one hundred weeks.

The defendant appealed, and plaintiff has answered the appeal, asking that the judgment be amended and that compensation be allowed under clause (c) of subsection 1 of section 8.

## OPINION.

The record shows that defendant had a contract with the parish of DeSoto to gravel one of the highways in that parish; that the gravel was to be furnished by the parish and was to be loaded, hauled and delivered on the roadway by the defendant at a certain rate per cubic yard.

That defendant entered into agreements with various persons who were the owners of trucks or had trucks under their control, to load and haul the gravel from a designated garvel pit to points of delivery upon the highway, where a representative of the parish was stationed who would deliver to the hauler tickets showing the number of yards and distance hauled, which would be presented by the person doing the hauling to defendant and receive the price which had been agreed upon of twenty-five cents per cubic yard for the first quarter mile haul and five cents for each additional quarter of a mile haul.

That among the persons contracted with by the defendant was the plaintiff, who was to furnish his own truck and necessary help to load the truck and pay for all expenses necessary in loading and operating the truck.

The plaintiff had been engaged in the work of hauling gravel for two days and had made on the day before the accident sixteen dollars, gross, but on the next succeeding day plaintiff, while hauling gravel in his truck, in some manner lost control of the truck and the truck leaving the road was overturned and plaintiff received severe and permanent injuries about the face and head which caused an impairment of the vision of the left eye and which disabled him for some time, after which he again took up the work, having in his service two trucks, one of which was driven by him, but due to the impairment of his vision he claims he was unable to operate the truck at such speed as would enable him to make the gross sum which he had formerly made.

The plaintiff in hauling the gravel from the designated point of loading to the point

of destination or place where it was to be unloaded, was directed to take the shortest route and the only direct control which the defendant had over plaintiff appears to have been in the route over which he should haul and to require him to follow the instructions of the parish representative as to the point at which the gravel would be unloaded, but it does not appear that plaintiff had contracted to haul any certain number of cubic yards of gravel.

The defendant contends that the plaintiff was an independent contractor. However, we are unable to draw any clear distinction between the facts developed and those shown in Burt vs. Davis-Wood Lumber Co., 157 La. 111,. 102 South. 87, and Dick vs. Gravel Logging Co., 152 La. 998, 95 South. 99, in which the plaintiff was held not to be an independent contractor.

In Burt vs. Davis-Wood Lumber Co., 152 La. 998, 95 South. 99, the servant who furnished his own team and hauled lumber at a fixed rate per thousand feet was given specific instructions as to the place of delivery, and the same is true in the present instance in that the general instructions given to plaintiff directed him to take each load of gravel over the shortest route and unload at the place designated by the representative of the parish, with whom the defendant had contracted.

It cannot be said that plaintiff was employed to do a certain specified piece of work, nor considering that defendant had contracted with the parish to complete the work within a fixed time and that he had undertaken to have the work accomplished through the means of many such persons as the plaintiff, that plaintiff was at liberty to come and go at his pleasure or work when he deemed it convenient.

Defendant under his contract with the parish necessarily retained control of the plaintiff as to the delivery of the gravel and as to following the instructions of the representative of the parish as to unloading the gravel, and we do not think it would have been possible for him to have had greater control had the plaintiff been employed by the day.

The rule is to construe the statute so as to include all services which can be reasonably said to come within its provisions (Dick vs. Gravel Lumber Co., 152 La. 994, 95 South. 99), and considering that defendant did have the right to control the plaintiff, at least as to the route over which he should haul and the place where he should deliver the gravel, we are of the opinion that plaintiff cannot be said to have been an independent contractor, although it appears that the compensation being received by him included payment for the use of the truck (Burt vs. Davis-Wood Lumber Co., 157 La. 111, 102 South. 87).

As to the amount of compensation, we do not think it possible to accept as a criterion the amount which the plaintiff had earned with the use of his truck, but the evidence shows that the earnings or wages of a driver of a truck was from two 50-100 dollars to three dollars per day, and the trial court accepted the latter as the basis of its judgment.

The evidence does not show that plaintiff has been disabled from driving a truck; on the contrary, it shows that he is able to drive a truck, and we do not think that compensation can be allowed under the provisions of clause (c) subsection 1 of section 8 of the statute.

It is conceded, however, that the plaintiff received injuries about the head and face which seriously and permanently disfigured him, and the judgment of the District Court, which fixed the amount of weekly compensation at sixty-five per cent

of eighteen dollars for one hundred weeks is correct and is affirmed.

ODOM, J., dissents.