No. 2623

Second Circuit

POWELL v. SPENCER BROTHERS

(November 6, 1926.   Opinion and Decree.)
(December 11, 1926.   Rehearing Refused.)

(*Syllabus by the Editor*)

1. **Louisiana Digest—Master and Servant —Par. 156.**

One who is employed to haul gravel with a motor truck and is instructed as to the places of loading and unloading, and his employer could discharge him, is an employee and not an independent contractor under the Workmen's Compensation Act, No. 20 of 1914, and amendments

2. **Louisiana Digest—Master and Servant —Par. 157.**

The hauling of gravel by motor truck is a hazardous occupation, within the meaning of the Workmen's Compensation Act, No. 20 of 1914, and amendments.

3. **Louisiana Digest—Master and Servant —Par. 160 (I).**

Where the injured employee suing under the Workmen's Compensation Act, No. 20 of 1914, and amendments, is suffering from temporary, partial disability and the evidence does not show what he is earning at the time of the accident, nor what he has been able to earn since the accident, the case will be remanded to the lower court for evidence on these points.

Appeal from the Tenth Judicial District Court of Louisiana, parish of Natchitoches. Hon. John F. Stephens, Judge.

Action by Shelton Powell against Spencer Brothers.

There was judgment for defendants and plaintiff appealed.

Judgment reversed and case remanded to the District Court for further evidence.

J. W. Jones, of Natchitoches, attorney for plaintiff, appellant.

Phanor Breazeale, of Natchitoches, attorney for defendants, appellees.

WEBB, J.   The plaintiff brings this action under the Employers' Liability Act to obtain judgment for compensation for a period of one hundred weeks for total disability to do any work of a reasonable character, alleged to have resulted from injuries received by the plaintiff while in the employ of the defendants.

The defendants denied liability, and on trial judgment was rendered rejecting plaintiff's demands, and he appealed.

## OPINION

The defendants contracted with the Parish of Natchitoches to gravel one of the highways in that parish, and in carrying out their undertaking they contracted with various persons to haul the gravel in motor trucks from certain designated places to designated points on the highway being constructed, for which work the persons hauling the gravel were to be paid at a certain fixed rate per yard, varying with the length of haul.

Among the persons with whom the defendants contracted was the plaintiff, who was the owner of the truck used by him in the work. It does not appear that the plaintiff was obligated to haul any certain number of yards of gravel or to work any fixed time.

The defendants state that they had the right to discharge plaintiff should he fail to obey their instructions, which instructions, however, appear to have related to the place where the gravel was to be loaded and unloaded.

The defenses urged are:

1. That plaintiff was an independent contractor.

2. That plaintiff was not engaged in a hazardous occupation.

### I.

It is contended that the evidence shows that defendants had no control over the plaintiff, in that it appears that plaintiff was not employed by the day, and that he was at liberty to work when he pleased, and that he furnished and maintained the truck with which he hauled the gravel.

We are of the opinion, however, that the plaintiff, having been employed to haul the gravel with a motor truck, and the defendants having instructed him as to the places of loading and unloading, shows that defendants did have control of the means and manner by which the work was to be accomplished, and that they did have control of the plaintiff during the time he was working and the right to discharge him; hence that plaintiff was an employee rather than an independent contractor and the mere fact that he furnished and maintained the truck does not alter the situation. (Dick vs. Gravel Logging Co., 152 La. 994, 95 South. 99; Burt vs. Davis-Wood Lumber Co., 157 La. 111, 102 South. 87; D. A. Alexander vs. Belton Latimer, 5 La. App. —; 13 Advance Reports 41.)

### II.

The defendants contend that they were not engaged in a hazardous business, in that the work which they had undertaken, laying gravel on the highway, is not covered by the statute, and thus the plaintiff, if their employee, could not have been engaged in a hazardous business within the meaning of the statute.

The plaintiff having been employed by the defendants to haul gravel in a motor truck, we are of the opinion that the nature of the employment, whether hazardous or non-hazardous, must be considered with relation to his employment rather than with relation to the work which defendants had undertaken, and thus considered, that plaintiff was engaged in a hazardous employment.

"One employed in driving a motor truck is engaged in the operation of an engine within the meaning of the Workmen's Compensation Act providing compensation for persons injured in such employment."

Haddad vs. Commercial Motor Truck Co., 146 La. 897, 84 South. 197.

The evidence shows that the injury which plaintiff sustained was a broken arm, and that the disability which he suffered as the result of the injury was, at the time of the trial (which was about five weeks after the accident) an inability to use the arm in all kinds of work, and that he was temporarily partially disabled for doing work of a reasonable character.

Under the evidence he is entitled to recover under paragraph (c), Subsection 1 of Section 8 of the statute (Black vs. Louisiana Central Lumber Co., 161 La. —) and authorities cited.

The evidence does not, however, enable us to determine with any degree of certainty the wages which the plaintiff was earning at the date of the accident, nor the wages that he is able to earn in his partially disabled condition, and we are of the opinion that the case should be remanded for further evidence on these questions.

It is therefore ordered, adjudged and decreed that the judgment appealed from be annulled and reversed, and that the cause be remanded for the purpose of receiving evidence tending to show the wages which plaintiff was receiving at the date of the accident and the amount which he is able to earn subsequent thereto.