No.   2741

Second Circuit

---

## BEEBE v. McKEITHEN CONSTRUCTION COMPANY

---

(December 11, 1926.  Opinion and Decree.)

---

(*Syllabus by the Editor.*)

1.  **Louisiana Digest—Master and Servant —Par. 154; Courts—Par. 6, 8.**

Under the Workmen's Compensation Act, Section 18 of Act 20 of 1914, as amended by Act 234 of 1920, the judge of the District Court of the parish in which the injury was done, or in which the accident occurred, has jurisdiction, regardless of where the defendant has his domicile.

2.  **Louisiana     Digest—Partnership — Par. 104.**

Under Par. 4, Section 1, of Act 179 of 1918, "Process directed to a commercial partnership, or an ordinary partnership using a firm name, may be made personally upon any member of the partnership wherever found in the parish, or at the office of the partnership upon any member of the partnership."

3.  **Louisiana Digest—Master and Servant —Par. 156.**

One who is employed to deliver gravel, is directed to haul over certain routes and deliver gravel at certain points, is an employee and not an independent contractor even though the compensation received by him included payment for the use of the truck.

4.  **Louisiana Digest—Master and Servant —Par. 157.**

The hauling of gravel by truck is a hazardous occupation, under section 1, par. 2 (a) and section 1, par. 3, of the Workmen's Compensation Act, No. 20 of 1914.

5.  **Louisiana Digest—Master and Servant —Par. 159.**

An injured employee who was able to work after eighteen days, though it caused him pain, and was fully recovered after two months, is entitled to compensation of 65 per cent of his wages for a period of five weeks under section 8, subsection 1 (a) of the Workmen's Compensation Act, No. 20 of 1914, as amended by Act 85 of 1926.

Appeal from the Tenth Judicial District Court of Louisiana, parish of Natchitoches. Hon. John F. Stephens, Judge.

Action by Henry T. Beebe against McKeithen Construction Company.

There was judgment for defendant and plaintiff appealed.

Judgment reversed.

James W. Jones, of Natchitoches, attorney for plaintiff, appellant.

Breazeale & Breazeale, of Natchitoches, attorneys for defendant, appellee.

ODOM, J.     Plaintiff brings this suit under the Workmen's Compensation Act (Act 20 of 1914 and amendments) to recover compensation for 100 weeks on account of an injury received by him while working for the defendant.    His demands were rejected by the lower court and he appealed.

## ON EXCEPTIONS TO THE JURISDICTION AND CITATION.

The defendant is a partnership and was constructing a public road in the parish of Natchitoches.   All of the members of the partnership lived and had their domicile in the parish of Caldwell.  As stated, they were constructing a public highway in the parish of Natchitoches and the injury of which plaintiff complained was sustained in that parish.

Defendant excepted to the jurisdiction of the court of Natchitoches parish, contending that suit should have been brought in Caldwell parish where the partners all reside.

Section 18 of Act 20 of 1914, as finally amended by Act 234 of 1920, page 441, provides that in case suit is brought—

"* * * either party may present a verified complaint to the judge of the district court of the parish in which the injury was done or the accident occurred."

The accident having occurred and the injury complained of having been done in Natchitoches parish, the suit was properly brought in that parish.

The citation was addressed to

"McKeithen Const. Co."

and was served on J. W. McKeithan, one of the partners, in the parish of Natchitoches.

That was sufficient.

Paragraph 4, section 1, of Act 179 of 1918, page 334, reads, in part:

"Process directed to a commercial partnership, or an ordinary partnership using a firm name, may be made personally upon any member of the partnership wherever found in the parish, or at the office of the partnership upon any member of the partnership."

## ON THE MERITS.

Defendant contends that plaintiff was an independent contractor and not a laborer and therefore is not entitled to compensation under the law.

Plaintiff was employed by defendant to haul gravel for the construction of a public road.   He owned and used his own truck.   He was paid by the cubic yard for hauling the gravel, the price being controlled by the length of the haul, or, 30 cents per cubic yard for the first mile and 10 cents additional for each mile.

He was not employed to haul any specific gravel nor was any quantity stipulated.   He did not take the work by the job.

The gravel was carried into the parish by railroad.   When the gravel cars were set out at the depot or station on the railroad the plaintiff, along with other haulers, went there and their trucks were loaded by defendant, when the plaintiff proceeded to carry it to the place on the road as directed by defendant.   The haul-

ing was done under the supervision, direction and control of the defendant.

Mr. J. J. McKeithen, a member of the firm, testified that his firm had supervision of the entire contract, that some one in charge of the work directed plaintiff where to load the gravel, where to put it, that plaintiff had no specific amount of gravel to haul, that he had a right to quit at any time, and that defendant could have discharged him at any time it saw fit.

Defendant next contends that hauling of gravel by truck is not a hazardous occupation under the law.

These identical points were raised in the case of Dolphus A. Alexander vs. Belton Latimer, No. 2625 on the docket of this court and decided by us at our June session and not yet reported.

That case on those points is on "all fours" with this one. We there held that under such circumstances the plaintiff was not an independent contractor but a laborer, and our ruling was based upon the holding of the Supreme Court in the cases of Burt vs. Davis-Wood Lumber Co., 157 La. 111, 102 South. 87; and Dick vs. Gravel Lumber Co., 152 La. 994, 95 South. 99.

In that case, as in this, plaintiff was employed to haul gravel by truck at so much per cubic yard. He was injured while driving a truck owned by him. We held that he was entitled to compensation, and the Supreme Court refused defendant's application for a writ with the comment that the judgment was correct.

## AS TO THE INJURY AND AMOUNT OF COMPENSATION.

It is not necessary to discuss the injury except the extent and duration of the disability caused thereby, for the reason that it is admitted that plaintiff had his hand injured while in the discharge of his duties.

Doctor C. R. Reed, who dressed plaintiff's wound, testified that when plaintiff went to him—

"* * * the hand was pretty badly bruised and swollen, and the skin across the hand was knocked loose and turned down; I turned the skin back, and I dressed his hand every day until it did not require it. It had a cut about 2½ inches long across the thumb, the scar shows for itself; he had a laceration across the knuckle on the back of his hand, on the long finger—this hand on the back and across it, skin broken and torn and was deeply bruised. * * * He seems to have a slight enlargement on the knuckle of the middle finger on the left hand; it is due to the fact that the cartilaginous pistor was bruised at the time of the accident; that may never get perfectly normal again, as far as size is concerned. That is about the extent of the injuries. I don't know how much time the man lost."

He was asked what the effect of the injury would be, and "what impairment has it made", and he said—

"The nature of the impairment, we would naturally expect a little more or less stiffness in the hand, because as I said he not only had a superficial wound, but he had a deep bruise."

On being asked if the stiffness and bruising of the tissue inside would affect the grip of the hand, he said—

"It will as long as it lasts; that condition in the course of time will clear up by use."

He was not asked and gave no opinion as to how long the condition which he described would last.

There is nothing in Doctor Reed's testimony nor in that of the plaintiff to indi-

cate that—"the usefulness of a member or any physical function is seriously, permanently impaired" and we cannot, therefore, fix compensation under clause (e) of subsection 1 of section 8 of the Act.

But plaintiff is entitled to compensation for the period of his disability caused by the accident.

He says he was "out" eighteen days and that on the eighteenth day he again began to drive the truck and hauled nine loads when the truck broke down. He says, however, that his hand was not well and gave him some pain, and said, further—

"It was something like two months before I could do labor like I should."

Considering that he was able to drive his truck in eighteen days and that he considered that he had fully recovered in something like two months, we think it proper to fix the period of disability at five weeks.

Plaintiff was not employed as a laborer at a fixed wage, and it is impossible to tell just how much he was making. He worked three days and was paid $17.50 for the gravel which he hauled. But that included, of course, the use of the truck which was more or less expensive to operate. The testimony does show, however, that the average daily wage for a truck driver was $3.00 and that they worked six days per week, and we think it proper to adopt that as a basis for his compensation.

Under clause (a) of subsection 1 of section 8 of the Act he is entitled to compensation at sixty-five per cent of $18.00 or $11.70 per week, for five weeks.

For the reasons assigned, it is therefore ordered and decreed that the judgment appealed from be reversed and avoided;

and it is now ordered and decreed that plaintiff, Henry T. Beebe, do have judgment against and recover from the defendant McKeithen Construction Company compensation of $11.70 per week for a period of five weeks dating from October 22, 1925, the weekly payments to bear interest at 5 per cent from the dates due, together with all costs of the suit.