No. ——

First Circuit

——

## ODOM v. LUTCHER & MOORE LUMBER CO.

——

(Jan. 5, 1928. Opinion and Decree.)
(Feb. 15, 1928. Rehearing Refused.)

——

(*Syllabus by the Editor*)

1. *Louisiana Digest—Master and Servant —Par. 156.*

One who cuts ties pointed out to him by his employer and is paid at a rate per tie is an employee and not an independent contractor, under the Workmen's Compensation Act No. 20 of 1914 as amended.

2. *Louisiana Digest—Master and Servant —Par. 160 (j).*

In order to recover compensation for hernia under Par. 17, Section 8, of Employer's Liability Act No. 20 of 1914, as amended by Act No. 85 of 1926, injured employee must prove injury, pain, notice to employer and attendance of a physician within forty-eight hours after the occurrence of the hernia.

Appeal from the Parish of Vernon. Hon. Hal. A. Burgess, Judge.

Action by R. D. Odom against Lutcher & Moore Lumber Company.

There was judgment for plaintiff and defendant appealed.

Judgment reversed.

S. E. Foster, Leesville, attorney for plaintiff, appellee.

Hardin, Hardin & Cavanaugh, Lake Charles, attorneys for defendant, appellant.

LECHE, J. Plaintiff sues for compensation for injury which he suffered while making cross-ties for the defendant company. One of the defenses is that plaintiff was an independent contractor and not an employee or laborer of defendant. Plaintiff was engaged for the purpose of making cross-ties which defendant used in building its tram roads and his compensation for that work was fixed according to the number of ties which he made. The defendant pointed out and furnished the timber from which the ties were to be made and compensated plaintiff at an agreed rate per tie after the same had been cut and accepted. Under the doctrine established in the cases of Burt vs. Davis Wood Lumber Co., 157 La. 111, 102 South. 87, and Dick vs. Gravel Logging Co., 152 La. 993, 95 South. 99, we hold that plaintiff was not an independent contractor, but he was an employee of the defendant company and therefore in a position to claim the benefit of the Employers' Liability Act.

The injury of which plaintiff claims is alleged to be traumatic hernia with which he became suddenly afflicted on October 7, 1926, while straining in an attempt to lift a log, which work was necessary and formed part of his duty in the making and sawing of cross-ties.

Compensation for such injury is now restricted to cases arising under paragraph 17 of Section 8 of the Employers' Liability Act, as amended by Act 85, p. 110, of 1926, and it may only be recovered where the injured employee has complied with the conditions required by that statute.

In his petition plaintiff alleges full compliance with the requirements of the provisions of the cited statute, but proof is lacking to sustain these allegations. There must be conclusive proof that the hernia was immediately caused by the sudden effort or severe strain, that the descent of the hernia immediately followed the cause, that there was severe pain in the

hernial region, that there was such pros tration that the employee was compelled to cease work immediately, that the injury was so severe that it was noticed by the claimant and communicated to the employer within forty-eight hours after the occurrence of the hernia, and that there was such physical distress that the attendance of a licensed physician was required within forty-eight hours after the occurrence of the hernia.

The plaintiff has failed to show with any degree of certainty that he called a licensed physician within forty-eight hours of the occurrence of the injury and on the other hand it is shown clearly that he did not notify his employers until October 24, or seventeen days after the time that he claims to have been injured. Nor is the severity of the injury shown by conclusive proof.

We believe that the proof is insufficient to bring plaintiff's claim within the provisions of the law, and that his demand should be rejected.

For these reasons the judgment of the District Court should be reversed and plaintiff's demand refused, and

It is so ordered.