No. 3831

Second Circuit

LEE v. MARK H. BROWN LUMBER CO.

(December 23, 1930.  Opinion and Decree.)

M. C. Redmond, of Monroe, attorney for plaintiff, appellee.

Jas. H. Gilfoil, Jr., of Lake Providence, attorney for defendant, appellant.

WEBB, J.  This action was instituted by plaintiff, Earl Lee, against defendant, Mark H. Brown Lumber Company, to recover compensation under the Employer's Liability Statute (Act No. 20 of 1914, as amended), for disability to work, alleged to have resulted from injury sustained by plaintiff while he was engaged in the service of defendant.

Plaintiff alleged that he, together with other persons, was employed by defendant to haul logs from a log dump on the public highway to the right of way of the Missouri Pacific Railroad Company, at Oak Grove; that in such work he used and operated his own truck, and was paid for the logs hauled at the rate of three dollars per thousand feet; that his earnings had been considerably in excess of thirty-five

dollars per week; that among the other persons employed by defendant to haul the logs, was Percy Newton, who had, in dumping the logs from the truck operated by him, thrown one against plaintiff's leg, breaking the leg between the knee and ankle, and that plaintiff had expended $494 for medical fees and hospital services in having the leg treated.

Plaintiff further alleged that the injury had permanently totally disabled him to do work of any reasonable character, and that he was entitled to the maximum weekly rate of compensation, or $20 per week, during the period of disability, not to exceed 400 weeks (see sec. 8, subsec. 1, cl. b, Act No. 20 of 1914, as amended by Act No. 242 of 1928), and in event it should be held that he was not entitled to compensation for the period stated, that he should be allowed compensation for a period of 175 weeks (section 8, subsec. 1, cl. (d), subd. 8, Act No. 20 of 1914, as amended by Act No. 242 of 1928), and plaintiff prayed for judgment accordingly.

Defendant answered, denying plaintiff's allegations, and pleaded that plaintiff was an independent contractor, and further, in event it should be held that plaintiff was not an independent contractor and was entitled to compensation, defendant asked that after hearing, plaintiff should be awarded such compensation as the facts developed warranted.

On trial, plaintiff was awarded compensation at the rate of $15.60 per week for the period of disability, not to exceed 125 weeks, payments to begin on the date of the accident, May 3, 1929, with legal interest on all past due payments from date of maturity; and an additional amount of $250 for medical service. Defendant appeals, and plaintiff has answered the appeal praying that the judgment be amended and the period of compensation fixed at 175 weeks (sec. 8, subsec. 1, cl. (d), subd. 8, Act No. 20 of 1914, as amended by Act No. 242 of 1928).

In support of the appeal, defendant and appellant contend the evidence established that plaintiff was an independent contractor, and urges that the court erred in finding to the contrary; and in event it should be held that the finding of the court in that respect was correct, appellant urges that the court erred in fixing the weekly payments at $15.60, and in awarding any amount for medical fees.

With reference to the question as to whether or not plaintiff was an independent contractor, it is conceded that defendant was engaged in the business of logging and lumbering, which is specifically declared under the statute (sec. 1, subsec. 2, cl. (a)), to be a hazardous occupation or business, and it is not suggested that the work of hauling the logs was not an incidental and necessary part of the business. But plaintiff, as well as other persons, who engaged in the same character of work on the same terms as plaintiff, having said that defendant did not have any control of the work undertaken by them, only as to the result of the work, and not as to the means by which the work was accomplished, defendant urges that plaintiff was clearly an independent contractor within the meaning of the provisions of section 3, subsec. 8 of the statute, (as added by Act No. 85 of 1926) which reads as follows:

"A person rendering service for another in any of the trades, businesses, or occupations covered by this act (other than as an independent contractor, which is expressly excluded hereunder) is presumed to be an employee under this act. The term 'independent contractor' shall be considered to mean for the purpose of this act, any

person who renders service other than manual labor for a specified recompense for a specified result either as a unit or as a whole under the control of his principal as to result of his work only, and not as to the means by which such result is accomplished."

The definition of an independent contractor as given is, with the exception of the phrase, "other than manual labor," the same as the usual definition, and appellant states that prior to the insertion of the provision quoted (see Act No. 85 of 1926), the plaintiff would not have been held to be an independent contractor, but appellant contends that the definition of an independent contractor was inserted into the statute for the purpose of requiring that any one who contracted to render service for a specified recompense for a specified result, either as a unit or a whole, under the control of his principal as to the result of his work only, and not as to the means by which such work is accomplished, should be held to be an independent contractor, unless he was required to do manual labor.

There is not any decision cited from this state in which the effect of inserting the definition of an independent contractor, as shown by the provision quoted, has been considered, but the object of the statute being to provide compensation for workmen injured in certain hazardous employments (Hall v. City of Shreveport, 157 La. 589, 102 So. 680), and the owner being liable to workmen injured in such work, even though the particular work in which he was engaged was distinguishable from other work necessary to effect the object of the hazardous business and had been sublet to a third person who was the immediate employer of the injured workman (sec. 6 of the statute (as amended by Act No. 85 of 1926); Helton v. Tall Timber Lumber Company, 148 La. 180, 86 So. 729;

Seabury v. Arkansas Natural Gas Co., 171 La. 200, 130 So. 1), we do not think that by adding the phrase "other than manual labor" to the usual definition of an independent contractor, there was any intention to exclude from the benefit of the statute any person theretofore included.

However, without regard to that question, the evidence in the present instance showing that plaintiff, the owner of the truck, was employed, together with other persons owning trucks, to haul logs from the dump to a sawmill at Lake Providence at the rate of $5 per thousand feet or to Oak Grove at the rate of $3 per thousand; that the logs to be hauled to the respective places were not segregated and that none were designated to be hauled by any of the trucks, such matters being left to be determined by defendant's representatives when the logs were loaded on the trucks, does not, we think, show that defendant was without control only as to the result of the work. The fact that defendant would select and direct the place to which the logs should be hauled when the trucks were loaded, all of which was dependent upon the pleasure of defendant, indicates there was not any contract for want of an object or cause (articles 1779, 1883, 1886, Civil Code) until the logs were selected and loaded on the trucks and directions given relative to the place where the logs should be delivered, and as we see it, the defendant had control of everything except the manner in which the trucks were to be driven.

While it is true that one who is engaged in the trucking or hauling business is regarded as an independent contractor, when he is doing work with his own equipment in carrying on his business, the mere fact that an owner of a truck with others owning trucks is engaged in doing

work which is necessary to be done in conducting a hazardous business, does not indicate that they are independent contractors, but where they are employed by the owner of the hazardous business, they are, we think, employees (see Dick v. Gravel Logging Co., 152 La. 993, 95 So. 99, and authorities cited; Burt v. Davis-Wood Lumber Co., 157 La. 111, 102 So. 87), and we are of the opinion that plaintiff was not an independent contractor, but merely an employee of defendant and that defendant was liable to him under the statute for compensation.

Relative to the award, as stated, appellant urges that the court erred in fixing the rate of the weekly payments, and in making any award for medical fees; while appellee urges that the period of payments should be increased to 175 weeks.

It is conceded that in fixing the weekly payments, the court fixed the amount on the average weekly wage of a truck driver, which he found was $25, or that the usual daily wage was found to be $4 per day, $24 per week. There is not any objection to the method employed (see Alexander v. Lattimer, 5 La. App. 41; Morgan v. Nelms, 5 La. App. 414), but it is contended that the weight of the evidence shows the usual daily wage of a truck driver was three dollars, and that the average weekly wage of plaintiff should not have been fixed in excess of $18.

There was some conflict in the evidence relative to the usual pay of a truck driver in the logging business, but it clearly appears that the court in fixing the rate of pay at $4 per day, considered the qualifications of plaintiff, which, however, are not shown to have been such as would have enabled him to obtain a greater wage as a truck driver than usually paid to persons in that employment, which the preponderance of the evidence shows was three

dollars per day. Therefore the average weekly wage should have been fixed at $18 and the weekly payments at 65 per centum of that amount, or $11.70.

Relative to the period of payment, the evidence established that plaintiff was disabled for some time, and while it appears that he could walk at the time of the trial, the leg which was fractured was not healed at that time. Plaintiff's disability was due solely to the injury to the leg, and the extent of the injury was under the evidence equivalent to the loss of the foot, for which the statute provides that the period of compensation shall be 125 weeks (sec. 8, subsec. 1, cl. (d), subd. 7 of the statute as amended by Act No. 242 of 1928), and under the provision of subdivisions 14 and 15 of the same clause, subdivision and section, the period of compensation was properly fixed at 125 weeks.

The contention that the court erred in allowing any award for medical fees is based upon the fact that, although plaintiff alleged he had incurred medical fees, etc., in excess of the amount allowed under the statute, he did not specifically pray for judgment for same.

However, evidence was introduced showing that the fees had been incurred, after plaintiff had demanded that defendant furnish him with such attention, and the judgment awarding plaintiff medical fees as allowed by the statute (sec. 8, subsec. 1, cl. (d), par. 7, as amended by Act No. 242 of 1928) was warranted under plaintiff's prayer for general relief. (State ex rel. Levert v. Lapey-Rollerie, 38 La. Ann. 912.)

It is therefore ordered that the judgment appealed from be amended and that the amount of the weekly payment be fixed at $11.70, and as thus amended, the judgment is affirmed at plaintiff's cost.