This suit is predicated upon the alleged vicarious responsibility of the defendant for the negligent acts of one of its employees under the doctrine of respondeat superior. It grows out of an automobile collision which occurred on the public highway between the Towns of Franklin and Opelousas at about 11:15 a.m. on July 21, 1938, when a Plymouth coupe, owned and operated by Mr. Wilbur Vernon Payne, collided with a LaSalle sedan, owned by a Mr. Raby Plank and, at the time of the accident, driven by his son, Raymond Plank. The Hardware Mutual Casualty Company had insured Plank's automobile against damage by collision and it paid to Plank $1,063.25, in recognition of its obligation, obtaining a subrogation pro tanto from Plank. It brought this suit against the Standard Coffee Company alleging that Payne, the driver of the Plymouth coupe, was at fault and that he was, at the time of the accident, employed by the defendant Coffee Company and acting within the scope of his employment, consequently, the Standard Coffee Company, it is claimed, is responsible to the plaintiff subrogee for the amount paid by it for the damage sustained by the car of its insured.
The question of fault, which was considered below, is no longer an issue in the case, as it is apparently conceded that Payne, the driver of the Plymouth coupe, was solely responsible for the accident. The issue, as it was presented in this Court in brief and in oral argument, is two-fold: First, Was Payne employed by the defendant Coffee Company, and, second, If he was an employee was he acting within the scope of his employment at the time of the accident?
On the first point, the court, a qua, held that Payne was an employee of the defendant Coffee Company, but on the second point, it held with the defendant and dismissed plaintiff's suit. *Page 90 
The defendant, as its name implies, is in the business of manufacturing and selling coffee. It also sells other merchandise of a dissimilar character, for example, blankets. It has a district manager located in Monroe, Louisiana, by the name of B.A. Beck. Beck has a number of solicitors in the district assigned to him and he employed Payne as "a household merchandise specialist" at a salary of $30 per week, plus railroad or bus transportation, whichever was the cheapest. He was paid by Beck who, in turn, was reimbursed by the defendant. It was Payne's duty to call on the "route salesmen", who were stationed at various points in the district. He would meet these salesmen at 7 a.m. and would ride over their route with them in a truck furnished by the company, calling on prospective customers. Payne owned an automobile and he used it on the company's business. At the time of the accident, he was going from Opelousas to Franklin to meet the salesman stationed there. Beck, the district manager, knew that Payne frequently used his car, but he was not required to do so. He was allowed an amount equal to the cheapest method of transportation as traveling expenses whether he used his car or not.
Payne was paid compensation by the insurance carrier of defendant and much is made of this circumstance as persuasive, if not convincing, evidence of Payne's employment by the defendant, as well as of his acting within the scope of his employment at the time of the accident. Davidson v. American Drug Stores, Inc., La.App., 175 So. 157. We are of the opinion that the evidence indicates conclusively that Payne was an employee of the Standard Coffee Company, but the difficulty arises with the second point which involves the use of his automobile in connection with his employer's business.
It was Payne's duty to report to the route salesman at 7 a.m. in time to ride around with him on defendant's truck. The route salesman solicited the sale of defendant's merchandise and made deliveries in its truck.
In the case of Marquez v. Le Blanc, 143 So. 108, 112, Justice Higgins, then a member of this court, called attention to the distinction which the courts had made in the interpretation of the doctrine of respondeat superior as applied to compensation cases and to actions, ex delicto, as appears by the following language:
"The authorities on the question involved are far from uniform and clear, and have been decided in a number of instances by a divided court. The main reason for a lack of satisfactory consistency in the jurisprudence on this subject comes from the fact that in compensation cases the courts have adopted a liberal construction in favor of the claimant where the defense was that the relation of employer and employee did not exist between the parties due to the fact that the claimant was working for an independent contractor. But in actions ex delicto for personal injuries and damages the courts apparently have adopted a strict interpretation and construction of the rule of respondeat superior. This situation is apparent from a reading of several compensation cases, including James v. Hillyer-Deutsch-Edwards, 15 La.App. 71, 130 So. 257; Burt v. Davis-Wood Lumber Co.,157 La. 111, 102 So. 87; Helton v. Tall Timber Lumber Co.,148 La. 180, 86 So. 729; Bell v. Albert Hanson Lumber Co., Ltd.,151 La. 824, 92 So. 350; Dick v. Gravel Logging Co., Inc., 152 La. 993, 95 So. 99; and Odom v. Lutcher Moore Lumber Co., 7 La.App. 458.
"In contrast to these decisions we have the opinions in certain damage suits, examples of which are Moffet v. Koch,106 La. 371, 375, 31 So. 40; Robideaux v. Hebert et al., 118 La. [1089] 1090, 1095, 43 So. 887, 12 L.R.A.(N.S.) 632; Abate et al. v. Hirdes et al., 9 La.App. 688, 121 So. 775; Shea v. Reems, 36 La.Ann. 966.
"Under these circumstances we feel that we are compelled to follow the decisions with reference to the damage suits, rather than the compensation cases."
Justice Higgins then referred to the case of McCarthy v. Souther, 83 N.H. 29, 137 A. 445, 446, decided by the Supreme Court of New Hampshire, where a traveling salesman using his own automobile and receiving a weekly allowance for expenses in addition to his salary, where it was held that the employer was not liable for injuries resulting from the negligent operation of the automobile, because he had no right to direct the manner of using the car. He quoted with approval from that opinion the following: "There is substantial authority for the proposition that the employer is liable for all torts of his agent or servant committed in the course of the employment, and under such authority the distinction between service in the course of the employment that is, and that is not, under *Page 91 
the employer's control and direction is not observed. But the doctrine of respondeat superior underlying the employer's liability, and through which the liability has been established, is either disregarded or fallaciously applied when the distinction is not made. The doctrine rests on the employer's right of control and direction, and in reason applies only to the extent of the control and direction. What one does by another he does by himself, but what another does is not always the act of the one employing him to do it. Where no control may be implied from the situation and none has been expressly reserved, the mere fact that the relationship is of agency or service should not be enough to subject the employer to liability. And if, under the contract of employment, the employer has control over part only of the service to be rendered, liability for the manner in which the rest of the service is performed does not thereby follow."
In Gallaher v. Ricketts, 191 So. 713, 715, this court, through Judge Janvier, said: "It is well settled that, as a general rule, an employee, in going to and from his place of employment, is not considered as acting within the scope of his employment to such an extent as to render his employer liable to third persons for his negligent acts. We considered this question thoroughly in Cado et al. v. Many, 180 So. 185, and reached the conclusion that it is only where the trip to or from work is required by the master to be made in an automobile, or other vehicle furnished, or where the use of the vehicle may be regarded as for the owner's purposes, as where it makes it possible for the employee to arrive more quickly at the place of business, that the master, under those special circumstances, may be liable. The rule is stated, also, in Berry's Law of Automobiles, 7th Edition, Vol. IV, page 649, in Corpus Juris, Vol. 42, Sec. 868, page 1108, and in 5 Blashfield's Cyclopedia of Automobile Law Practice, Permanent Edition, § 3042."
There is no evidence in this case that Payne was required to use an automobile in order to facilitate the business of his employer, nor is there any testimony to the effect that the business could not have been transacted as efficiently without the use of an automobile. It must be conceded that with an automobile more territory can be covered and less time lost, since there would be no necessity to wait for train or bus schedules and one may go from place to place as soon as the business at hand has been concluded, but we do not know from anything that is in the record in this case that it was necessary for Payne to use an automobile. He was required to report at 7 a.m. at various towns within the orbit of his territory. It is quite likely that between the conclusion of one day's work and the resumption of the next he might, by either omnibus or railway, reach his destination at a time convenient for the discharge of his duties. According to the testimony of Mr. Beck, to whom he reported his activities, there was a time when he did not own an automobile and must, therefore, have transacted his business without it.
Counsel for defendant calls our attention to a case remarkably similar to the one at bar — Khoury v. Edison Electric Illuminating Company, 265 Mass. 236, 164 N.E. 77, 78, 60 A.L.R. 1159. There the agreed facts were: "That on November 17, 1925, one Eric Parnell was in the general employment of the defendant and was the owner of a Mercer automobile which was involved in an accident on that day, which accident resulted in injuries to the plaintiff in this action. That the accident occurred on Commonwealth Ave., Boston, near the intersection of Dartmouth Street. That Eric Parnell had left the defendant's place of business at 39 Boylston Street, Boston, and at the time was proceeding to Watertown, Massachusetts, the purpose of his trip being in connection with the defendant's installation of a certain flood light in that place. That he had in the car a flood light belonging to the defendant which he was carrying to that place. That he had prior to November 17, 1925, entered into an agreement with the defendant that when traveling for the defendant he could, at his election, use his own car for transportation or the railroads and street railways, and in either case the defendant would pay to him an amount equivalent to the railroad or trolley fare. That the defendant had no other obligation to the said Parnell in respect to the said Parnell's automobile or its use than to pay to the said Parnell an amount equivalent to that which would have been Parnell's expenses had he travelled by common carrier rather than by the use of his own automobile. That the use of his automobile upon November 17, 1925, and upon the particular trip which he was taking at the time of the accident was known to the defendant, and the use *Page 92 
of his automobile on this trip was in accordance with the above stated agreement between him and the defendant."
In its opinion, the Supreme Court of Massachusetts, said:
"The principle of respondeat superior is not applicable unless the agreed facts warranted a finding that the relation of master and servant existed at the time the plaintiff was injured, whereby the negligent act of the servant was legally imputable to the master. The test of the relationship is the right to control. It is not necessary that there be any actual control by the alleged master to make one his servant or agent, but merely a right of the master to control. * * * If the power of control rests with the person employed, he is an independent contractor. In order that the relation of master and servant may exist, the employee must be subject to control by the employer, not only as to the result to be accomplished but also as to the means to be used. Forsyth v. Hooper, 11 Allen 419, 421, 422; Shepard v. Jacobs, 204 Mass. 110, 112, 90 N.E. 392, 26 L.R.A.(N.S.) 442, 134 Am.St.Rep. 648; Chisholm's Case, 238 Mass. 412, 419, 420,131 N.E. 161; [New Orleans, M. C.] Railroad Co. v. Hanning, 15 Wall. 649, 656, 21 L.Ed. 220; Singer Manuf. Co. v. Rahn,132 U.S. 518, 525, 10 S.Ct. 175, 33 L.Ed. 440.
* * * * * *
"Neither is the fact that Parnell was an employee of the defendant and had no other employment decisive, for a person may be an agent or a servant as to one part of an undertaking, and an independent contractor as to other parts. In the present case the automobile was owned by Parnell. Although an owner may be employed as a servant to operate his automobile (Marsh v. Beraldi, 260 Mass. 225, 157 N.E. 347), the mere fact that a servant uses his own car in his master's business is not final. It was the duty of Parnell to register his automobile and to obtain a license to operate it. The defendant did not require or request Parnell to use his automobile in the business, but merely agreed with him that if he used it he would be paid the equivalent of what he would otherwise be required to pay for railroad or street railway fares. In this particular the case at bar is less favorable to the plaintiff's contention than is Pyyny v. Loose-Wiles Biscuit Co. 253 Mass. 574, 576, 149 N.E. 541, 542, for in that case the defendant agreed to pay the plaintiff `so much per mile for the number of miles that he (the servant) operated said car for them in connection with his employment,' it thus appearing that the use of the automobile was expressly contracted for and not merely permitted.
"In the present case the sole interest of the defendant was that Parnell should be at places where the defendant had work to be performed, leaving the means of transportation to Parnell's decision and convenience, but limiting the liability for expense to the defendant to an amount equivalent to the fares of a common carrier. The defendant assumed no obligation to keep the automobile in repair; that duty rested upon Parnell, its owner. If he chose to use his car instead of traveling by a common carrier to go to a particular place, a finding would not be warranted that the defendant had any control over him in the operation of the car or responsibility for the condition of its brakes, lights, or other parts.
"Upon the agreed facts, it is plain that the defendant cannot be held liable for injuries caused by the use of the automobile. In many respects the present case is similar in its facts to Pyyny v. Loose-Wiles Biscuit Company, supra, recently decided by this court, and in principle is governed by it. Shepard v. Jacobs, supra; Centrello's Case, 232 Mass. 456,122 N.E. 560; Singer Manuf. Co. v. Rahn, supra."
There is absolutely nothing in the record which would justify us in saying that the Standard Coffee Company had any control over the means by which Payne got from place to place, and there being no necessary implication from the facts developed, which would suggest the use of the automobile was indispensable in the conduct of defendant's business, we conclude that the doctrine of respondeat superior does not apply, consequently, and for the reasons assigned the judgment appealed from is affirmed.
Judgment affirmed. *Page 93