The plaintiff sues for compensation for total, permanent disability at the rate of $13.65 per week for a period of 400 weeks as the result of the loss of his left eye caused from an injury received by him on May 7, 1940, while hauling pulp wood for the defendant company. The principal defense to the suit is of a twofold nature, viz.: That at the time plaintiff received the injury resulting in the loss of his eye, he was purchasing timber from one H.D. Dear and cutting and hauling this timber for pulp wood and selling it to the defendant delivered on its tramroad at $3.75 per cord, there being deducted out of the purchase price seventy-five cents per cord, of which amount fifty cents per cord was paid to said Dear for stumpage and the other twenty-five cents per cord was paid to Dear under some arrangement between him and the plaintiff. And, in the second place, the defendant alleged that the plaintiff was not its employee, but was an independent contractor cutting and hauling this wood and delivering it at the tramroad where it was inspected and taken up by defendant, the plaintiff having complete control over the cutting and hauling of said timber from the lands of Dear.
The trial judge dismissed the suit of plaintiff on the ground that the evidence showed that he was not an employee of the defendant but was an independent contractor in cutting and hauling said wood. From this judgment of dismissal, the plaintiff has appealed.
The record shows that in 1938, the defendant company purchased from Dear all of the pine timber of a certain size on some 3,660 acres of land in Allen Parish, with the right to cut and remove this timber for a period of ten years from the date of the deed. Most of the timber purchased in the deed from Dear was classed as pulp wood, with a stumpage value of fifty cents per cord. The defendant company paid for ten thousand cords of the pulp wood and had the right to remove this amount of timber from the land and an additional amount of the same kind of timber, if it so desired, on paying fifty cents per cord for this additional timber. The plaintiff was cutting and hauling timber from this land and delivering it to defendant's tramroad when he was injured, so that, for the purposes of this suit, the situation must be considered from the standpoint of plaintiff as either an employee of the defendant or as an independent contractor in cutting, hauling and delivering this timber on defendant's tramroad at a fixed price per cord. Under no theory could he be viewed as a seller to the defendant company of its own timber.
It appears that Dear wanted to use some of the land on which he had sold the timber to the defendant company and sent word to the plaintiff for him to see some of the officials of the company with a view of getting a job in cutting and hauling wood from this land. Plaintiff went to see the officials of the company, and an arrangement was made by which plaintiff was to cut and haul timber from this land and deliver it to defendant's tramroad. The officials of the company appear to have understood that plaintiff was to get the timber from Dear and sell it to the company at $3.75 per cord, from which price the company was to deduct stumpage of 75 cents per cord and pay it to Dear, or rather deduct the total stumpage from the money which the company had advanced to Dear on the timber on the basis of 50 cents per cord for ten thousand cords.
On the other hand, it appears that plaintiff understood that he was to get $3 per cord for cutting and hauling the timber. From the situation as it then existed, the arrangement between plaintiff and the company, in legal effect, was that plaintiff agreed to cut and haul timber belonging to defendant from this Dear land and deliver it on defendant's tramroad for $3 per cord. While plaintiff signed documents prepared by the company to the effect that he was selling the company the wood at $3.75 per cord from which the company was deducting 75 cents per cord stumpage for Dear, the actual facts were that he was cutting and hauling timber which the company had already bought and paid for.
Plaintiff furnished his own truck and paid all expenses in connection with its operation, including a helper who was hired by him to help in loading and unloading the wood and who was paid $2.25 per day. Plaintiff also hired men to cut the wood and paid then $1 per cord. He operated his truck, directed and controlled his helper and had charge of the men whom he hired to cut the timber. He worked when and as he chose, and the only control *Page 166 
that the company had over his operations was to inspect and scale the wood as it was delivered at the tramroad, to advise and limit plaintiff in the number of cords that would be needed each week, and to ascertain that plaintiff got the wood from the Dear land.
The question presented in the case is whether or not, under the facts of the case, the plaintiff was an employee of the defendant company or an independent contractor. If he sustained the relationship of an employee to the company, he is entitled to compensation; if, however, he was an independent contractor as contemplated by the last paragraph of Section 3 of Act No. 20 of 1914, as amended by Act No. 85 of 1926, he is not entitled to recover compensation. This paragraph provides that any person rendering service for another in a hazardous trade or business as defined in the Compensation Law, other than an independent contractor, is presumed to be an employee. "The term `independent contractor' shall be considered to mean, for the purpose of this act, any person who renders service, other than manual labor, for a specified recompense for a specified result either as a unit or a whole, under the control of his principal as to results of his work only, and not as to the means by which such result is accomplished."
A careful reading of the definition of an "independent contractor" as given in the above quoted extract from the Compensation Law indicates two principal elements or criteria to be considered in determining whether or not a person performing services for another in one of the hazardous trades or businesses is an employee or an independent contractor. The first element is the performance of a specified piece of work as a whole or as a unit for a specified price for the whole or for any unit of the service. And the second element relates to the control of the person performing the service over the means and methods by which the work is performed so as to accomplish the work as a unit or as a whole. The courts, in construing and applying this statute, have added various other elements to be considered in determining the relationship of the person rendering the service. We continue the principal tests frequently used by the courts in numerical order following the two above mentioned as follows: Third, the right of the person rendering the service to employ helpers and assistants, fix their pay, hire and discharge them at will and control their work; fourth, furnishing of material and equipment for doing the work and paying the cost and expenses of its operation and maintenance; fifth, the independent nature of the business or occupation of the person performing the services, that is, whether his business is one in which he generally renders services and uses his equipment in performing jobs for others for a fixed remuneration; sixth, whether or not the person rendering the service is carried on the payroll as an employee; seventh, whether or not the employee could quit or be discharged at any time; and eighth, the extent of personal services or labor going into the work as compared to the profit or remuneration resulting to the person rendering the service by reason of the use of his equipment and material and the profit on the job accruing to him because of the work done by others whom he employs and pays.
Of course, it is not necessary that all of these elements be present in every case to render a person who performs services for another an independent contractor, otherwise there would seldom be an independent contractor. Neither does the presence of one or several of these elements necessarily render the person an independent contractor. The rule is well stated in 27 Am.Jur., Independent Contractor, p. 485, Section 5, as follows:
"Although it is apparent, from an examination of cases involving the independent contractor relationship, that there is no absolute rule for determining whether one is an independent contractor or an employee, and that each case must be determined on its own facts, nevertheless, there are many well-recognized and fairly typical indicia of the status of an independent contractor, even though the presence of one or more of such indicia in a case is not necessarily conclusive. It has been held that the test of what constitutes independent service lies in the control exercised, the decisive question being as to who has the right to direct what shall be done, and when and how it shall be done. It has also been held that commonly recognized tests of the independent contractor relationship, although not necessarily concurrent or each in itself controlling, are the existence of a contract for the performance by a person of a certain piece or kind of work at a fixed price, the independent nature of his business or his distinct calling, his employment of assistants *Page 167 
with the right to supervise their activities, his obligation to furnish necessary tools, supplies, and materials, his right to control the progress of the work except as to final results, the time for which the workman is employed, the method of payment, whether by time or by job, and whether the work is part of the regular business of the employer."
Using as a guide the above mentioned eight tests in determining the status of plaintiff under the situation already set forth, we find that at least six of these elements indicate that he was an independent contractor. In the first place, he was doing a certain piece of work for a certain price, viz., cutting and hauling each cord of wood for the fixed price of $3. It is true that he had not contracted to cut and haul any specified number of cords, or to cut and haul all the timber on any specified tract of land, yet, as was said in the recent case of Hall v. Southern Advance Bag Paper Co., La.App., 158 So. 829, there is no reason why a specific load or cord of timber or wood cannot serve as a unit under the statute. In the second place, plaintiff had full control over the manner in which and the means by which the timber was to be cut and hauled, being limited only as to the sizes and dimensions to be cut, the quantity to be deliverered each week, and the land from which the timber was to be cut and removed. These restrictions on his control of the operations did not materially limit or restrict his general control, but only served to make it possible for both parties to the agreement to successfully carry out their arrangements. If the wording of the statute defining an "independent contractor" for the purpose of applying the Compensation Law was alone to be applied, there could be no question but that plaintiff was an independent contractor.
However, we go further and apply the other tests which the courts have used in various ways to determine the question. Applying the third element which we have mentioned, we find that plaintiff hired his own men, fixed their pay and exercised full control over them. On the fourth factor, we find that he furnished his own truck and equipment and paid all expenses of its operation. As to the fifth factor, he admits that his occupation prior to this job consisted in hauling stove wood and pine knots and selling them to various people. He had what he calls a forest products license on his truck, indicating that he was engaged in hauling forest products as an occupation. And on the sixth, he was not carried on the payroll of the company as an employee.
Only the last two elements that we have mentioned tend to fix plaintiff's status as an employee; that is, the fact that he could quit at any time or could be discharged by the company at its pleasure, and the further fact that his personal labor and service formed a good part of the consideration on which his remuneration was based. However, we conclude, after reading and analyzing several cases pertaining to this question, that the trial judge was correct in holding plaintiff to be an independent contractor. As each case must be decided on its own particular facts and circumstances, the citation of the various cases dealing with the question can only serve to illustrate the rules and different elements which have been considered in reaching a decision under the facts presented in each case.
Before concluding, we deem it proper to refer to some of the most pertinent cases which seem to support the conclusion we have reached. They are the following: Clark v. Tall Timber Lumber Co.,140 La. 380, 73 So. 239; Johnson v. Vincennes Bridge Co.,167 La. 107, 118 So. 820; Brown v. Weber-King Lumber Co., 3 La.App. 596; Hall v. Southern Advance Bag Paper Co., supra; Hollingsworth v. Crossett Lumber Company, 184 La. 6, 165 So. 311. On the other hand, the following cases are some of those which lend support in some respects to the contention of the plaintiff that he was not an independent contractor, but an employee of the defendant: Bell v. Albert Hanson Lumber Co., Ltd., 151 La. 824, 92 So. 350; Dick v. Gravel Logging Co., Inc., 152 La. 993, 95 So. 99; Burt v. Davis-Wood Lumber Co., 157 La. 111, 102 So. 87; Heine v. Hill, Harris Co., Inc., 2 La.App. 384; Morgan v. Nelms, 5 La.App. 414; Lee v. Mark H. Brown Lumber Co., 15 La.App. 294, 131 So. 697; Litton v. Natchitoches Oil Mill, Inc., et al., La.App., 195 So. 638.
It would serve no useful purpose to point out the differences and similarities in the factual situation in each of the cited cases and the present case. Suffice it to say that we have drawn from these cases, as well as others on the point under consideration, in our effort to formulate some statement of the various tests to be considered in deciding cases of this kind, with the *Page 168 
hope that our effort may result in giving some assistance in deciding similar questions which may arise in the future.
For the reasons assigned, it is ordered that the judgment appealed from be and the same is hereby affirmed.